J-S40013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WILLIAMS, | |
| Appellant | No. 1795 MDA 2013 |

Appeal from the Judgment of Sentence Entered July 8, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001688-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 26, 2014**

Appellant, Kevin Williams, appeals from his judgment of sentence of ten to twenty years' imprisonment, imposed after a jury convicted him of robbery, two counts of criminal conspiracy to commit robbery, criminal trespass, theft by unlawful taking or disposition, and receiving stolen property.  Appellant challenges the sufficiency of the evidence to sustain his convictions, and also alleges that the trial court abused its discretion in fashioning his sentence.  For the reasons stated below, we affirm.

The trial court summarized the facts adduced at trial as follows:

On March 15, 2012, at approximately 9:00 a.m., a robbery occurred at the Carousel Lounge located in Plymouth Township, Luzerne County, Pennsylvania.  Two individuals entered the business, pointed guns at the owner, and removed in excess of $3,000.00.

Several weeks later, a third co-conspirator [Courtney Sandusky] gave a statement to the Pennsylvania State Police in which she

described her role in the robbery as well as the roles of the two individuals who entered the Carousel Lounge. Based upon this statement, [Appellant] was arrested and charged [with the above stated offenses].

Trial Court Opinion (T.C.O.), 11/25/13, at 1 (unnumbered pages). Following his jury trial, Appellant was convicted of all the crimes with which he was charged. Appellant then filed a post-sentence motion, arguing that the jury's verdict was based upon insufficient evidence, was against the weight of the evidence, and that the court abused its discretion in sentencing him. The trial court denied the motion. Appellant subsequently filed a timely notice of appeal, and he complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In his brief to this Court, Appellant raises the following issues for our review:

> I. Whether the evidence was sufficient as a matter of law to establish guilt beyond a reasonable doubt[?]
>
> II. Whether the [t]rial [c]ourt abused its discretion in sentencing [Appellant][?]

Appellant's brief at 1.

First, we examine Appellant's challenge to the sufficiency of the evidence. In his Rule 1925(b) statement, Appellant presents his sufficiency issue in essentially the same manner as in his brief.[1] After reviewing

_____

[1] In his Rule 1925(b) statement, Appellant states his sufficiency issue as follows:

*(Footnote Continued Next Page)*

Appellant's Rule 1925(b) statement, we are compelled to conclude that he did not preserve this issue on appeal.

> In … ***Commonwealth v. Williams***, 959 A.2d 1252 (Pa. Super. 2008), this Court reiterated that when challenging the sufficiency of the evidence on appeal, the [a]ppellant's 1925 statement ***must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal.*** ***Williams***, 959 A.2d at 1257 (quoting ***Commonwealth v. Flores***, 921 A.2d 517, 522-23 (Pa. Super. 2007)). Such specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. ***Id.***, at 1258 n.9. Here, [the] [a]ppellant not only failed to specify which elements he was challenging in his 1925 statement, he also failed to specify which convictions he was challenging. While the trial court did address the topic of sufficiency in its opinion, we have held that this is "of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." ***Id.*** at 1257 (quoting ***Flores*** at 522-23).

***Commonwealth v. Garang***, 9 A.3d 237, 244 (Pa. Super. 2010) (quoting ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010)) (emphasis added).

Based on this Court's rationale in ***Flores***, which we applied in ***Williams***, ***Garang***, and ***Gibbs***, we determine that Appellant's Rule 1925(b) statement is insufficient to preserve his sufficiency of the evidence claim.

---
*(Footnote Continued)*

1. The evidence was insufficient as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt.

Appellant's Rule 1925(b) statement, 11/6/13.

Those cases make clear that appellants, in their Rule 1925(b) statements, must state which particular conviction(s) they are challenging, and specify the element(s) for which they allege the evidence was insufficient. Here, Appellant was convicted of five different offenses, each containing multiple elements. Appellant nevertheless filed a boilerplate Rule 1925(b) statement, where he did not specify the conviction(s) or element(s) that he sought to contest. Instead, Appellant presented a general allegation that the Commonwealth's evidence was insufficient to establish his guilt beyond a reasonable doubt. Consequently, the trial court found this issue to be waived, explaining that it was "left to speculate as to the manner in which the evidence was insufficient." T.C.O. at 3. We agree that Appellant's claim challenging the sufficiency of the evidence is waived.[2]

_____

[2] Appellant argues that, notwithstanding his boilerplate Rule 1925(b) statement, his sufficiency claim can be readily apprehended, and therefore warrants our review under *Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (holding that appellate review should be afforded, notwithstanding a vague Rule 1925(b) statement challenging the sufficiency of the evidence, where the case is "a relatively straightforward drug case," and the trial court readily apprehended appellant's claim and discussed it in detail in its Rule 1925(a) opinion). In *Laboy*, however, our Supreme Court also noted, "It may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge." *Id*. While it was clear that the appellant in *Laboy* was only contesting the evidence supporting his conviction for conspiring to sell narcotics, *id.* at 1058-59, Appellant was convicted of five offenses, which all stemmed from Appellant's robbing a lounge at gunpoint. In contrast to the trial court in *Laboy*, the trial court here could not determine which offenses Appellant was contesting and, therefore, it concluded that Appellant's sufficiency issue was waived. Thus, *Laboy* is distinguishable.

We also note that, even if we were to reach the merits of Appellant's sufficiency claim, our review of his issue would be hindered. In his brief, the crux of Appellant's argument is that the Commonwealth's primary evidence linking Appellant to the crimes was from an incredible source, Courtney Sandusky.[3] By attacking the credibility of Sandusky, though, Appellant actually contests whether the verdict was against the weight of the evidence, not whether the evidence was sufficient.[4] *See, e.g.*, *Griffin*, 65 A.3d at 938-39 (stating that arguments that challenge the credibility of the witness's testimony are "not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded") (internal citations omitted). Our standard of review for challenges to the weight of the evidence is well established:

> ***Appellate review of a weight claim is a review of the exercise of [the trial court's] discretion, not of the underlying question of whether the verdict is against the***

---

[3] Sandusky was Appellant's co-conspirator. T.C.O. at 1. Appellant argues that Sandusky is not credible because the Commonwealth agreed to reduce her charges in exchange for her testimony. *See* Appellant's brief at 6 ("From Sandusky's testimony, it is obvious that she made a deal in order to receive a reduced sentence for several other charges that were pending against her….").

[4] We reiterate that Appellant preserved his weight of the evidence claim in a post-sentence motion. *See Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) ("[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing.") (citing *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012)).

> *weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. Super. 2013) (internal citation omitted) (emphasis added).

In this case, because the trial court found that Appellant waived this issue, it did not provide its rationale for denying Appellant's weight of the evidence claim.[5] Therefore, our review of whether the trial court abused its discretion would be hampered. These circumstances bolster our determination that Appellant's sufficiency claim is waived.

In his second issue, Appellant argues that the court abused its discretion in sentencing him by not considering his rehabilitative needs and certain mitigating factors. He also challenges the court's decision to impose consecutive, instead of concurrent, sentences. We are guided by the following when reviewing a sentencing court's determination:

> The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. We must accord the sentencing court's decision great weight because it was in the best position to review the

_____

[5] Moreover, when the trial court denied Appellant's post-sentence motion contesting the weight of the evidence, it did not explain its reasoning for doing so.

defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Marts***, 889 A.2d 608, 613 (Pa. Super. 2005) (internal citations omitted). Additionally, we note,

The right to appeal the discretionary aspects of the sentence is not absolute. Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.[] § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Fiascki,*** 886 A.2d 261, 263 (Pa. Super. 2005) (quoting

***Commonwealth v. Bishop***, 831 A.2d 656, 660 (Pa. Super. 2003)).

Initially, we must determine whether Appellant complied with Rule 2119(f). This Court has stated,

Rule 2119(f) requires only a concise statement of the reasons Appellant believes entitle him to allowance of appeal. ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000). The concise statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Id.*** Additionally, the statement must specify "what fundamental norm the sentence violates and the manner in which it violates that norm." ***Id.***

***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa. Super. 2004).

Further, we acknowledge, "[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may

ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal." **Id.** at 533 (internal citation omitted). "Although this Court is permitted to overlook a party's failure to provide a 2119(f) statement, it should only do so in situations where the substantial question presented is evident from the appellant's brief." **Commonwealth v. Robertson**, 874 A.2d 1200, 1211 (Pa. Super. 2005) (citing **Commonwealth v. Saranchak**, 675 A.2d 268, 277 n.18 (1996))*.* Here, Appellant failed to provide a Rule 2119(f) statement in his brief, but the Commonwealth does not object to the error. We therefore turn to Appellant's brief to determine whether he presents a substantial question that warrants overlooking this omission.

In his brief, Appellant first alleges that the court failed to consider his rehabilitative needs, asserting that he has a drug addiction problem. Appellant's brief at 10. He also claims that the court disregarded certain mitigating factors, namely that he has his GED and has only one prior conviction. **Id.** Finally, Appellant challenges the court's imposition of consecutive sentences, arguing that doing so was unreasonable.

None of these claims clearly raise a substantial question to convince us to overlook his omission of a Rule 2119(f) statement. This Court has found that no substantial question exists under similar circumstances. **See, e.g.**, **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate

consideration of mitigating factors does not raise a substantial question for our review.") (internal citation omitted); ***Griffin***, 65 A.3d at 936 (determining that an allegation that the court did not consider appellant's rehabilitative needs does not raise a substantial question); ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598 (Pa. Super. 2010) ("Generally speaking, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal."); ***Commonwealth v. Lawson***, 650 A.2d. 876, 881 (Pa. Super. 1994) ("Appellant also argues that the trial court ignored his rehabilitative needs in imposing sentence. [I]t does not constitute a substantial question for our review.") (internal citation omitted); ***Commonwealth v. Mobley***, 581 A.2d 949, 952 (Pa. Super. 1990) ("A challenge to the weight accorded sentencing factors does not raise a substantial question absent extraordinary circumstances.") (internal citation omitted). Therefore, after reviewing Appellant's brief, we do not find that he raises a substantial question. Consequently, we decline to review his sentencing challenge in light of his omitted Rule 2119(f) statement. [6]

---

[6] Nevertheless, we note that even if Appellant had properly raised his issues in a Rule 2119(f) statement, we would determine that his sentencing claims do not merit relief. Although Appellant alleges that the trial court abused its discretion by failing to consider certain mitigating factors, the trial court reviewed Appellant's pre-sentencing report, and imposed a sentence within the standard range of the guidelines. T.C.O. at 6. This Court has generally
*(Footnote Continued Next Page)*

In sum, we conclude that Appellant did not properly preserve his issues for our review. Accordingly, we affirm the judgment of sentence entered by the trial court.

Judgment of sentence affirmed.

Judge Bowes concurs in the result.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 8/26/2014

_(Footnote Continued)_ _____

considered sentences reasonable in these circumstances. **_See Commonwealth v. Moury_**, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (internal citation omitted); **_Commonwealth v. Tirado_**, 870 A.2d 362, 368 (Pa. Super. 2005) ("[T]he sentencing court had the benefit of reviewing the presentence investigation report prior to sentencing … and, as such, it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.") (internal citation omitted). Moreover, Appellant does not elaborate on his claim that the court failed to consider his rehabilitative needs; instead, he simply states that he has "a drug problem." We decline to review such undeveloped arguments. **_See_** Pa.R.A.P. 2119(a). ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities."). Last, Appellant challenges his consecutive sentences for the first time in his appellate brief. Thus, this issue is waived. **_Commonwealth v. Hill_**, 16 A.3d 484, 494 (Pa. 2011) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.") (quoting **_Commonwealth v. Lord_**, 719 A.2d 306, 309 (Pa. 1998)).

- 10 -