J-S78019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT JONATHAN ROE | |
| Appellant | No. 1045 MDA 2014 |

Appeal from the Judgment of Sentence May 21, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-0001417-2013
CP-35-0003374-2009

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 09, 2015**

Appellant Robert Roe appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas. Roe's counsel filed an **_Anders_**[1] brief and a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

On March 23, 2010, Roe pled guilty to delivery of a controlled substance.[2] The trial court sentenced him to 24 months' intermediate punishment with the first three months to be served under house arrest.[3]

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

[2] 35 P.S. § 780-113(a)(30).

[3] The March 2010 conviction and sentence are docketed at No. CP-35-0003374-2009.

On August 12, 2013, Roe pled guilty to possession of a small amount of marijuana.[4]  Because of this new charge, Roe received a notice of violation of the intermediate punishment imposed for his March 2010 conviction.

On November 4, 2013, the court held a sentencing hearing for the August 2013 conviction and a *Gagnon II*[5] hearing for the March 2010 conviction.  Roe stipulated that he violated the probation imposed for the March 2010 conviction.  The sentencing court revoked the sentence imposed for the March 2010 conviction and resentenced Roe to four years' restrictive intermediate punishment ("RIP") with the first 90 days to be spent in prison followed by 90 days' house arrest.  For the August 2013 conviction, the court sentenced Roe to one month of probation consecutive to the sentence imposed for the March 2010 conviction.

On February 10, 2014, Roe tested positive for opiates and was charged with violating a condition of the probation imposed for both prior convictions.

---

[4] 35 P.S. § 780-113(a)(31). This conviction and sentence is docketed at No. CP-35-0001417-2013.  Although Roe included both docket numbers in his notice of appeal, he does not challenge the sentence received at docket No. CP-35-0001417-2013.

[5] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

On May 21, 2014, the court held a ***Gagnon II*** hearing.  Roe admitted he violated a condition of probation.  The court revoked his RIP sentence for the March 2010 conviction and resentenced Roe to 2 ½ to 5 years' incarceration.[6]  Order, 5/21/2014.  The court revoked and reinstated Roe's sentence for the August 2013 conviction.  ***Id.***

On June 2, 2014, Roe filed a motion for reconsideration of sentence, seeking permission to participate in the Salvation Army Rehabilitation Program.  Petition for Reconsideration of Sentence, 6/2/2014, at ¶¶ 8-14.  The court denied this motion on June 4, 2014.  On June 19, 2014, Roe appealed.  On August 14, 2014, Roe's counsel filed a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  The trial court did not file a 1925(a) Opinion.  On September 29, 2014, Roe's counsel filed a petition to withdraw  and an ***Anders*** brief.  Counsel sent a copy of both documents to Roe.  Letter to Appellant, September 26, 2014, attached as Exh. A to the Petition to Withdraw as Counsel [hereinafter Letter to Appellant].

Because Roe's counsel filed a petition to withdraw pursuant to ***Anders*** and its Pennsylvania counterpart, ***Commonwealth v. Santiago***,[7] we must

---

[6] The sentencing court initially sentenced Roe to 2 1/2 to 6 years' incarceration and 2 years' probation.  On May 21, 2014, the court revoked this sentence because it exceeded the maximum sentence allowed and imposed a sentence of 2 1/2 to 5 years' incarceration.

[7] 978 A.2d 349 (Pa.2009).

address counsel's petition before reviewing the merits of Roe's underlying issues. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Counsel must also provide a copy of the ***Anders*** brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Roe's counsel filed a petition to withdraw as counsel. The petition states counsel engaged in a thorough review of the record and the law in this matter and determined that any appeal would be frivolous. Petition to Withdraw as Counsel, at ¶ 8; Letter to Appellant. Counsel notified Roe of the withdrawal request, supplied him with copies of the petition to withdraw and the *Anders* brief, and sent Roe a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Roe believed had merit. *See* Petition; Letter to Appellant. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, states her conclusion that the appeal is wholly frivolous, and states her reasons for concluding the appeal is frivolous. Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Appellant has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review this appeal based on the issues of arguable merit raised in the *Anders* brief:

> A. Whether the lower court failed to take into consideration Appellant's rehabilitation needs when it imposed its sentence?
>
> B. Whether the sentence imposed in [CP-35-0003374-2009] was inappropriately harsh and excessive and an abuse of discretion for a technical violation of his RIP punishment?

C. Whether the lower court failed to state on the record the reasons for the sentence imposed in [CP-35-0003374-2009] as required?

*Anders* Brief at 5.

The issues raise challenges to the discretionary aspects of Roe's sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Roe filed a timely notice of appeal and included a statement of reasons pursuant to Rule 2119(f) in his brief. He, however, waived his second and third issues because he failed to preserve them in a post-sentence motion. *See Allen*, 24 A.3d at 1064; *Commonwealth v. Lebarre*, 961 A.2d 176,

178 (Pa.Super.2008) (challenge to the discretionary aspects of sentence waived if appellant does not raise it in a post-sentence motion).

To the extent Roe's motion for reconsideration of sentence preserved his first issue, i.e., "[w]hether the lower court failed to take into consideration Appellant's rehabilitation needs when it imposed its sentence,"[8] the claim fails to raise a substantial question.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. *Id.* (quoting *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003)).

Roe's claim that the court failed to consider his rehabilitative needs does not state a substantial question. *See, e.g.*, *Commonwealth v. Griffin*, 65 A.3d 932, 936-37 (Pa.Super.2013) (collecting cases that find

---

[8] The petition for reconsideration of sentence requested permission to participate in the Salvation Army Rehabilitation Program and stated Roe "is a product of particular circumstances and conditions of environment, but that these matters were not fully and completely expressed at the time of sentencing." Petition for Reconsideration of Sentence, at ¶¶ 8-14.

failure to consider rehabilitative needs does not present substantial question). Accordingly, we cannot review the claim.

In conclusion, we cannot review Roe's claim that the court failed to consider his rehabilitative needs because the issue fails to raise a substantial question for our review. *See Allen*, 24 A.3d at 1064. In addition, he waived his claim that the sentence imposed was harsh and excessive and his claim that the trial court failed to state its reasons on the record because he failed to raise these issues in a post-sentence motion. *See id.*

Further, our independent review of the record has revealed no non-frivolous claims that Roe could have raised, and we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/2015