J-S19018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAGGAI U. CHARLEMAGNE | |
| Appellant | No. 1840 EDA 2014 |

Appeal from the Judgment of Sentence May 27, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001931-2013

BEFORE: STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 07, 2015**

Appellant Haggai U. Charlemagne appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas. We affirm.

Appellant was charged with involuntary deviate sexual intercourse,[1] unlawful contact with minor,[2] statutory sexual assault,[3] aggravated indecent assault,[4] incest of minor,[5] endangering the welfare of children,[6] corruption of

---

[1] 18 Pa.C.S. § 3123(a)(7).

[2] 18 Pa.C.S. § 6318(a)(1).

[3] 18 Pa.C.S. § 3122.1(b).

[4] 18 Pa.C.S. § 3125(a)(8).

[5] 18 Pa.C.S. § 4302(b)(2).

[6] 18 Pa.C.S. § 4304(a).

minors,[7] indecent assault of a person less than 16 years of age,[8] and tampering with evidence.[9] The charges stemmed from the sexual abuse of Appellant's niece.

On January 29, 2014, Appellant pled guilty to unlawful contact with a minor and statutory sexual assault. For each offense, the standard sentencing guidelines range was 12 to 24 months' imprisonment, with an aggravated range of 36 months. The maximum sentence for each offense was 240 months' imprisonment.

On May 27, 2014, the trial court sentenced Appellant to a 36 to 72 month term of imprisonment for unlawful contact with a minor and a consecutive 36 to 72 month term of imprisonment for statutory sexual assault. The aggregate sentence was 72 to 144 months' imprisonment. Appellant's convictions subjected him to the lifetime registration requirement of the Sex Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10, *et seq.*, and to possible deportation.

On June 4, 2014, Appellant filed a motion for reconsideration of sentence, which the trial court denied on June 5, 2014. On June 24, 2014,

---

[7] 18 Pa.C.S. § 6301(a)(1)(ii).

[8] 18 Pa.C.S. § 3126(a)(8).

[9] 18 Pa.C.S. § 4910(1).

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> 1. Did the trial court err and abuse its discretion by imposing a manifestly excessive sentence at the highest end of the aggravated range of the Pennsylvania Sentencing Guidelines, by failing to consider the relevant sentencing criteria of the Pennsylvania Sentencing Code, including the personal characteristics of the Defendant, his rehabilitative needs, the need for protection of the public and the presence of mitigating circumstances?
>
> 2. Did the Trial Court err and abuse its discretion by imposing a manifestly excessive sentence at the highest end of the aggravated range of the Pennsylvania Sentencing Guidelines, by failing to state sufficient reasons on the record for the sentence imposed?

Appellant's Brief at 6. Both issues challenge discretionary aspects of Appellant's sentence.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

Appellant raised the issues in timely post-sentence motions, filed a timely notice of appeal, and included a statement of reasons pursuant to Rule 2119(f) in his brief. We must, therefore, determine whether his issues present substantial questions and, if so, review the merits.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. *Id.* (quoting *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003)).

Appellant first asserts that the trial court imposed an excessive sentence and failed to consider the relevant sentencing criteria, including his personal characteristics, his rehabilitative needs, the need for protection of the public, and the presence of mitigating circumstances. Appellant's Brief at 13-15, 16-22. This raises a substantial question for our review. *Commonwealth v. Gonzales*, -- A.3d ---, 2015 PA Super 13, at *15 (Pa.Super.2015) (claim of excessiveness coupled with failure to consider mitigating factors raised substantial question); *Commonwealth v. Dodge*,

77 A.3d 1263, 1272 n.8 (Pa.Super.2013) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.").

Appellant next claims the trial court imposed an excessive sentence without stating sufficient reasons on the record. Appellant's Brief at 13-15, 22-23. Such a claim raises a substantial question for our review. *See, e.g., Commonwealth v. Macais*, 968 A.2d 773, 776 (Pa.Super.2009) (claim trial court failed to adequately state its reasons for sentence imposed raises substantial question); *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa.Super.2003) (same).

Because the claims raise substantial questions, we will review their merits. Further, because Appellant's issues are interrelated, we will address the issues together.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010) (citing *Commonwealth v. Johnson,* 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls,* 926 A.2d 957 (Pa.2007)).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283 (citing *Commonwealth v. Malovich,* 903 A.2d 1247 (Pa.Super.2006)). Further, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super.2009) (citing *Commonwealth v. Devers,* 519 Pa. 88, 101–102, 546 A.2d 12, 18–19 (1988)).

Here, the trial court discussed Appellant's "history of assaultive behavior," including that he was on bail for a child endangerment charge when he committed the offenses at issue. N.T., 5/27/2014, at 7, 11. The court noted simple assault and harassment charges were also filed against Appellant, but did not proceed because the victim, Appellant's wife, refused to testify. *Id.*, at 11-12. The trial court noted Appellant attempted to deflect responsibility for the crime by saying "some pretty unforgiveable things about the victim of this offense" and "attempt[ing] to paint the victim as a 'promiscuous youngster.'" *Id.* at 12. The court noted that although Appellant did not qualify as a sexually violent predator, his sexual offender's assessment indicated his conduct was consistent with paraphilic interests and his behavior was predatory in nature. *Id.* The court noted aggravating circumstances, including the failure to accept responsibility and the attempt

to deflect responsibility onto the minor victim. ***Id.*** The trial court also reasoned that Appellant only attempted to take responsibility when he was before the court, with the threat of a lengthy sentence. ***Id.*** at 12-13. The trial court then noted the reasons set forth in the presentence report, which it adopted in its entirety, and sentenced Appellant as set forth above. ***Id.*** at 13.

The trial court acted within its discretion when it sentenced Appellant. Although the trial court discussed only the aggravating factors, it considered the pre-sentence report and adopted all reasons set forth therein. ***See Ventura***, 975 A.2d at 1134 (where trial court has pre-sentence report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations"). Further, the trial court stated sufficient reasons for the sentence imposed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015

- 7 -