J-S09043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JIMMIE C. WILLIAMS | |
| Appellant | No. 900 MDA 2015 |

Appeal from the Judgment of Sentence March 20, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000183-2015

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:          **FILED FEBRUARY 02, 2016**

Appellant Jimmie C. Williams appeals from the judgment of sentence entered on March 20, 2015 following his guilty plea to terroristic threats, simple assault, and criminal attempt – escape.[1]  We affirm.

The convictions stem from events that occurred on the night of October 7, 2014.  Appellant was at the home of Tamika Sinkler ("the victim"), where he was watching his and the victim's two children.  N.T., 3/20/2015, at 3.  The victim called Appellant before she arrived home and asked that he leave.  *Id.*  When she arrived home, Appellant was in the kitchen, holding a large knife, and poking holes into a food container.  *Id.*  The victim felt intimidated and scared.  *Id.*  She repeatedly told Appellant to

---

[1] 18 Pa.C.S. §§ 2706(a)(1), 2701(a)(3), 901(a).

leave. *Id.* at 3-4. Appellant, however, massaged the victim's shoulders, kissed her neck, and told her to keep talking to him and kissing him or he would get the knife. *Id.* at 4. The victim relented and they had sexual intercourse. *Id.*

When the victim did not call her brother when she returned home from work, as she usually did, her brother called the police. N.T., 3/20/2015, at 4. The police arrived and arrested Appellant. *Id.* The police officers took Appellant to the booking center, where he was placed in a cell. *Id.* Appellant maneuvered out of his transport belt, used the belt to attempt to unlock his handcuffs, and yanked on his shackles. *Id.* A video camera then shows Appellant opening the door and waiting for an opportunity to escape. *Id.*

At the time of the incident, Appellant was on probation from simple assault and unlawful restraint convictions following a prior assault of the same victim. N.T., 3/20/2015, at 5-6.[2]

On March 20, 2015, Appellant pled guilty to terroristic threats, simple assault, and criminal attempt – escape. That same day the trial court sentenced Appellant to the following concurrent sentences: 12 to 24 months' incarceration for the terroristic threats conviction; 12 to 24 months' incarceration for simple assault; and 16 to 60 months incarceration for

_____

[2] These charges and convictions are docketed at No. CP-22-CR-0001256-2014.

attempted escape. This was an aggregate sentence of 16 to 60 months' incarceration.[3]

On March 30, 2015, Appellant filed a post-sentence motion, which the trial court denied on May 1, 2015.[4] On May 27, 2015, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> Whether the trial court erred in denying Appellant's [p]ost-[s]entence [m]otion where his sentence is excessive and unreasonable and constitutes too severe a punishment in light of Appellant's rehabilitative and treatment needs and the wishes of the complaining witness?

Appellant's Brief at 5. Appellant's issue challenges the discretionary aspects of his sentence.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

_____

[3] At the March 20, 2015 hearing, the trial court also revoked the probation for his prior assault and unlawful restraint convictions and re-sentenced Appellant. N.T., 3/20/2015, at 14-15.

[4] On April 13, 2015, the trial court issued an order modifying the March 20, 2015 order to reflect that Appellant's aggregate sentence imposed for the convictions at issue in this case and for the sentence imposed following the revocation of his probation was 36 to 120 months' incarceration.

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

Appellant raised his discretionary aspect of sentence issue in a timely post-sentence motion, filed a timely notice of appeal, and included a statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f) in his brief. We must, therefore, determine whether his issue presents a substantial question and, if so, review the merits.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super.2013) (quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012)).

Appellant maintains his sentence was excessive and unreasonable. Appellant's Brief at 9-10. He claims the Commonwealth represented to the trial court that the victim did not want Appellant to receive a lengthy sentence, and argues the sentence is unreasonable because the victim visits Appellant in prison, goes to Appellant's weekly meetings, puts money in Appellant's account and because the victim and Appellant share custody of their children. ***Id.*** Appellant notes that he apologized for his actions, and that he was going to school for HVAC and working prior to the incident. ***Id.***

Appellant's bald claim of excessiveness fails to raise a substantial question. ***See, e.g., Commonwealth v. Giordano***, 121 A.3d 998, 1008 (Pa.Super.2015) ("a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim"). Appellant does not maintain the trial court failed to consider, or did not adequately consider, any mitigating factors. He merely reiterates the information presented at the sentencing hearing. Further, even if Appellant raised a substantial question, his claim lacks merit.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super.2010) (citing ***Commonwealth v. Johnson***, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006)).

At the sentencing hearing, the Commonwealth informed the trial court that the victim was "torn." The victim "[did not] want to see [Appellant] go away forever, but she [] indicated that he needs help. She is very afraid of him."[5] N.T., 3/20/2015, at 7. In addition to the two assault incidents that resulted in convictions, there had been another incident where Appellant choked the victim. *Id.* The victim dropped the charges related to this incident because of pressure from Appellant's mother. *Id.* The Commonwealth informed the trial court that the victim "was very scared of [Appellant] and she wanted [the Commonwealth] to relay that he does need help." *Id.*

The trial court also received information regarding the circumstances of the prior guilty plea for simple assault and unlawful restraint. The Commonwealth noted that when he committed the current assault, Appellant

---

[5] The victim could not attend the sentencing hearing because she was working. N.T., 3/20/2015, at 6.

was on probation following the assault conviction involving the same victim. N.T., 3/20/2015, at 5. The Commonwealth further noted that, following the previous conviction, the victim did not want Appellant to have to register pursuant to SORNA, as they had two children together. Therefore, Appellant pled guilty to simple assault, rather than to indecent assault, with which he was originally charged. *Id.*

Defense counsel informed the trial court that the victim and Appellant had two children together and that the victim visited with Appellant while he was incarcerated, attended his weekly meetings, and put money in his account. N.T., 3/20/2015, at 8-9. Further, Appellant apologized to the victim and explained that they had been together for 14 years, but the relationship was over. *Id.* at 10. He stated they "should have left it alone a long time ago." *Id.* He noted he had been attending school for an HVAC certification and working with houses. He stated:

> I should have never let it get to this point. I should have never let any of this get out of hand. I was in a bad place trying to keep relationship [sic] that had been over. And I apologize. I am so sorry for that. And I just – I'm just – I would like to do whatever I can to get back my 7-year-old and 8-year-old so I can continue taking care of them.

*Id.* at 10-11.

The trial court imposed the above sentence. It then stated:

> This is scary stuff, sir, all right, and I'm concerned for [the victim]. Something is amiss here. All right. You say a lot of nice things and that's good[,] but I'm a little worried.

*Id.* at 13.

In its 1925(a) opinion, the trial court noted that the charges included assaultive behavior in relation to the same victim as the victim in the case in which Appellant's probation was revoked. Memorandum Opinion, 7/30/2015, at 3. Further, the court reviewed Appellant's remarks, the argument of defense counsel and the Commonwealth, and Appellant's gravity score, prior record score and sentencing guideline recommendations. *Id.* It then noted: "[o]f great importance to this [c]ourt was the disturbing fact that [Appellant] has repeatedly inflicted serious and frightening assaults upon the same victim with whom he shares children, despite being previously incarcerated for similar offenses." *Id.*

The trial court did not abuse its discretion in imposing sentence. The trial court considered that the victim was visiting Appellant and placing money in his account, but also considered, and was deeply concerned by, the fact that Appellant committed at least two assaults upon the same victim, who is the mother of his children.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2016