COMMONWEALTH of Pennsylvania,
Appellee,

v.

Frank FIASCKI, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 28, 2005.
Filed Oct. 24, 2005.

Joseph W. Dobson, West Chester, for appellant.

Peter Hobart, Asst. Dist. Atty., West Chester, for Com., appellee.

BEFORE: JOYCE, LALLY–GREEN, and JOHNSON, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Frank Fiascki, appeals from the trial court's April 16, 2004 judgment of sentence. We affirm.

¶ 2 The trial court recited the following facts and procedural history:

On February 13, 2004, defendant entered open guilty pleas to twenty-three (23) counts of Theft by Failure to Make Required Disposition of Funds. 18 Pa. C.S. § 3927(a). On the same date, he entered open guilty pleas to twenty-three (23) counts of Securities Fraud— Sales and Purchases. 70 P.S. § 1–401(a), (b) & (c).

On March 12, 2004, the defendant was sentenced to an aggregate sentence of ten to twenty years of incarceration followed by twenty consecutive years of probation.

On April 14, 2004, a hearing on Defendant's Motion for Reconsideration of Sentence was held. By Order, dated April 14, 2004, and amended on April 16, 2004, the court modified the sentence, reducing the incarceration portion to eight to twenty years, followed by twenty years of probation.

. . .

In this case, there were 23 individual victims involving more than 46 counts. The thefts exceeded two million dollars.[1]

[1] The total amount involved was $2,016,335.11. Because some of the victims' monies were used to repay other victims in a classical Ponzi scheme, the "net" amount of the thefts and restitution is $1,280,098.

In connection with many of the thefts, the defendant knowingly placed the elderly, or otherwise vulnerable, victims in dire financial straights [sic].

Trial Court Opinion, 1/18/05, at 1–2.

¶ 3 Appellant raises the following issue for our review:

Whether the Sentencing Court abused its discretion in sentencing the Appellant by considering inappropriate factors and by making inappropriate comparisons to other types of cases when consecutive sentences were imposed.

Appellant's Brief at 4.[1]

¶ 4 Appellant raises a challenge to the discretionary aspects of his sentence. We apply the following standard of review:

---

1. Appellant preserved this issue in a timely Concise Statement of Matters Complained of on Appeal. Pa.R.A.P. 1925(b).

The right to appeal the discretionary aspects of the sentence is not absolute. Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa.Super.2003) (internal citations omitted).

¶ 5 Appellant has complied with Pa. R.A.P. 2119(f) by including a concise statement of the reasons relied upon for allowance of appeal. In his 2119(f) statement, Appellant claims:

1. The Court of Common Pleas sentence is excessive with respect to protection of the public, the gravity of the offense, and the rehabilitative needs of the Appellant.

2. The Court of Common Pleas made an improper comparison with the Appellant's case to that of a crime of violence.

Appellant's Brief at 7.

¶ 6 Next, we must determine whether Appellant's arguments raise a substantial question. *Bishop.* To demonstrate that a substantial question exists, "a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature." *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617, 622 (2002), *quoting, Commonwealth v. Koehler*, 558 Pa. 334, 737 A.2d 225, 244 (1999). In *Mouzon*, our Supreme Court held that allegations of an excessive sentence raise a substantial question where the defendant alleges that the sentence "violates the requirements and goals of the Code and of the application of the guidelines...." *Id.* at 627. A bald allegation of excessiveness will not suffice. *Id.*

¶ 7 In the instant matter, Appellant alleges in his 2119(f) statement that his sentence violates several specific goals of the Sentencing Code and Sentencing Guidelines. Therefore, he has raised a substantial question. *Mouzon.* We will review the merits of Appellant's arguments.

¶ 8 The following standard governs our review of the discretionary aspects of Appellant's sentence:

[T]he appellate court, in reviewing the discretionary aspects of a sentence on appeal, shall affirm the trial court's sentence unless it finds: (1) that the guidelines were erroneously applied; (2) that the sentence, even though within the guidelines, is "clearly unreasonable"; or (3) that the sentence, if outside the guidelines, is "unreasonable." In any one of these three circumstances, we are required to vacate the trial court's sentence and remand the case with instructions. 42 Pa.C.S.A. § 9781(c). In determining whether a particular sentence is clearly unreasonable or unreasonable, the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the presentence investigation re-

port, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the findings upon which the trial court based its sentence.

*Commonwealth v. Dodge,* 859 A.2d 771, 778 (Pa.Super.2004). Appellate courts often defer to the trial court's decision to impose consecutive sentences, but the trial court does not have unfettered discretion in this regard. *Id.* at 779. In the instant matter, the trial court imposed a sentence that is within the Sentencing Guidelines. Accordingly, we must determine whether the trial court in Appellant's case, while within the guideline range, crafted a sentence that was "clearly unreasonable." *Id., quoting,* 42 Pa.C.S.A. § 9781(c). A sentence is "clearly unreasonable" if it "violates the requirements and goals of the Code and of the application of the guidelines." *Id.* at 782.

¶ 9 The record reflects that Appellant engaged in a scheme whereby he induced the victims to invest substantial sums of money with him. Unbeknownst to his clients, Appellant invested their money in his own business venture, Terminal Technologies, which he began in May 2001. The company failed and Appellant's victims have lost all of the money they invested with him.

¶ 10 Appellant argues that the trial court made statements during sentencing that indicate the court's deviation from the Sentencing Code and norms underlying the Sentencing Guidelines. Specifically, Appellant cites the following statements:

> These types of crimes are sometimes referred to as white collar crimes often with a connotation that they are not as serious as a robbery committed by force. I believe that that is a false notion. The horror of an armed robbery is the threat of or the actual infliction of physical harm which often traumatizes the victim.

> Is the trauma and physical suffering of Mr. Fiascki's victims as we heard today any less dramatic or less enduring than that of an uninjured robbery victim? And I'm differentiating between someone who is injured in a robbery. Most often a victim of an armed robber or burglar does not know the perpetrator. Here, as in many of the cases, the crime was possible because of the violation of trust which arose from the friendship.

> The artifices constructed over the years to perpetrate these crimes were calculated, complex and executed with deliberate intention. This was no oversight of security laws and rules. This man was well versed in the investment business and its rules. This defendant took the money from a widow, the elderly, infirm, and even children, and made no real investments. He was fully aware that he was risking exactly the hurt that we've heard described here today because he knew most of these people. There was no misjudgment or mistake. He acted as a cold, calculating con artist.

N.T., 3/12/04, at 89–90.

¶ 11 The trial court explained its sentence as follows:

> It was in the context of the worry and psychological trauma caused to his victims that the court made reference to the similarities between "street crime" and "white collar" crime. The court did not sentence the defendant as if he was an armed robber. In light of the number of the victims, and the defendant's knowledge of the extent of the risk of injury to them, the court found it totally inappropriate to give the defendant a "volume discount" and run all of the sentences concurrently. To do so would diminish the seriousness of the offenses. It would also send the message to other

thieves that if they are going to steal, steal from as many as possible because there may be no significant difference in the amount of punishment between one and twenty victims. On the other hand, the court did not run all of the defendant's sentences consecutively. It divided the sentences into three parallel columns that were consecutive within the columns, but the three columns ran parallel to each other.

Trial Court Opinion, 1/18/05, at 5–6.

¶ 12 We conclude that the trial court was within its discretion in comparing the victims of a securities fraud scheme to the victims of other forms of thievery. Indeed, the sentencing transcript reflects that his victims lost retirement money or college funds set aside for their children. Many will no longer be able to live the lifestyle to which they were accustomed prior to Appellant's crimes. The sentencing transcript and the trial court's opinion make clear that the trial court properly considered the unique circumstances of the crimes and their effect on the victims.

¶ 13 Appellant fails to establish that his sentence was clearly unreasonable within the meaning of 42 Pa.C.S.A. § 9781(c) or that it departs from the norms underlying the sentencing code. Therefore, he is not entitled to relief. *Bishop; Dodge; Mouzon.* Accordingly, we affirm the judgment of sentence.

¶ 14 Judgment of sentence affirmed.