J-S18005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT WILLIAM WILSON, | |
| Appellant | No. 2442 EDA 2013 |

Appeal from the Judgment of Sentence Entered July 11, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004712-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 02, 2015**

Appellant, Albert William Wilson, appeals from the judgment of sentence imposed after he was convicted of burglary, criminal conspiracy to commit burglary, receiving stolen property (RSP), and driving while his license was suspended.  On appeal, Appellant argues that his sentence is illegal and/or excessive.  After carefully reviewing the record, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On May 30, 2012, officers from the Aston Township Police Department appeared at 889 Red Hill Road in response to a report of a burglary in progress.  They arrested two individuals later identified as [Appellant], Albert Wilson, and his accomplice, Andrew Zampitella, who were running out of the rear of the house.  They observed broken rear doors, a pry bar, and a pillow case filled with jewelry boxes immediately inside the house.  The shoes worn by Zampitella appeared to match a print that had been lifted from an earlier burglary in the same township.  The police obtained a warrant to search [Appellant's] van, which

contained a pillowcase filled with items stolen earlier that day in a burglary in Upper Darby Township.

The prosecution charged [Appellant] with various offenses. On April 10 and 11, 2013, the case was tried by a jury, which found [Appellant] guilty of (1) burglary and (2) conspiracy to commit burglary of a building adapted for overnight accommodations while a person was present[,] and (3) [RSP] with value in excess of $2,000. This Court found [Appellant] guilty of driving while his license was suspended.

On June 17, 2013, this Court sentenced [Appellant] to a term of incarceration.[1] [Appellant's] counsel filed a motion for re-sentencing, which was granted. On July 11, 2013, this Court resentenced [Appellant] to:

(1) [On] the charge of burglary: 48 to 96 months['] incarceration and 2 years['] probation, consecutive to (2), (3) and (4);

(2) [On] the charge of conspiracy to commit burglary: 27 to 54 months['] incarceration, consecutive to (1);

(3) [On] the charge of [RSP]: 42 to 84 months['] incarceration, consecutive to (1) and (2); and

(4) [On] the charge of driving while [license was] suspended: 60 days['] incarceration, consecutive to (1), (2) and (3).

[Appellant] filed a post-sentence motion, which this Court denied. He then filed an appeal.

Trial Court Opinion (TCO), 1/7/14, at 1-2.

Appellant also filed a timely Pa.R.A.P. 1925(b) statement. On appeal, Appellant raises the following two issues for our review:

_____

[1] The court initially imposed consecutive, statutory maximum sentences for each of Appellant's three convictions, totaling an aggregate term of 23½ to 47 years' imprisonment. *See* Commonwealth's Brief at 3.

[(1)] Whether the sentence is illegal because of a guidelines departure without sufficient reasons?

[(2)] Whether the judgment of sentence imposed herein should be vacated since it was unduly harsh and excessive under the circumstances of this case?

Appellant's Brief at 8.

Initially, Appellant's assertion that the court improperly departed from the sentencing guidelines, without providing sufficient reasons for doing so, constitutes a challenge to the discretionary aspects of his sentence, not its legality. *See Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (construing a claim that the sentencing court did not provide sufficient reasons for imposing a sentence outside the guidelines as a discretionary aspect of sentencing issue). Appellant's second issue also implicates the discretionary aspects of his sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

> The right to appeal the discretionary aspects of the sentence is not absolute. Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the

Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Fiascki***, 886 A.2d 261, 263 (Pa. Super. 2005) (quoting ***Commonwealth v. Bishop***, 831 A.2d 656, 660 (Pa. Super. 2003) (internal citations omitted)).

Appellant has included a Rule 2119(f) statement in his brief to this Court. Therein, he does *not* assert that the court imposed a sentence outside the guideline ranges without sufficiently stating its reasons for doing so. Instead, Appellant solely contends that "[t]here is a substantial question as to the propriety of [his] sentence since it is unduly harsh and excessive under the circumstances herein." Appellant's Brief at 12. Appellant cites no case law to support a conclusion that his bald claim of excessiveness constitutes a substantial question for our review. ***Id.*** Indeed, case law holds that it does not. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (holding that "a bald claim of excessiveness … will not raise a substantial question") (citations omitted); ***Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa. Super. 2003) (same).

Nevertheless, even if Appellant had presented a substantial question for our review, we would conclude that the court did not abuse its discretion in imposing his sentence. First, we note that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law,

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted)).

Here, the trial court imposed sentences "at the high ends of the standard ranges for [Appellant's] burglary and conspiracy" convictions. TCO at 4. For Appellant's RSP sentence, the sentencing guidelines recommended "6 months mitigated, 6 [to] 16 [months] standard, and 19 months aggravated." *Id.* The court departed from these guideline ranges and imposed a statutory maximum sentence of 42 to 84 months' incarceration. *Id.* In its Rule 1925(a) opinion, the court explains its rationale for fashioning Appellant's sentence, as follows:

> [The court] noted [at Appellant's sentencing hearing] that [Appellant] is a professional burglar who chose his targets carefully, moving from house to house. Indeed, the evidence at trial demonstrated that when [Appellant] was arrested, his van contained a pillowcase containing jewelry, watches, coins and other items taken earlier that day during a burglary in Upper Darby Township.
>
> Defense counsel … repeatedly attempted to portray [Appellant] as an industrious businessman who only recently became involved in crime after the economy and his business failed. The records show, however, a long history of drug and alcohol violations beginning in 1992 with convictions for disorderly conduct in 1994 and terroristic threats in 2010. In 2011, [Appellant] pled guilty to [RSP]. While on probation, he committed the instant offenses.
>
> The sentence is not "harsh and excessive" because [Appellant] is a career criminal. Although he blames the economy and his drug/alcohol problems, he shows no remorse, thinking of little beside himself. According to 42 Pa.C.S. § 9721,

a sentencing court should consider []the protection of the public, gravity of the offense in relation to [the] impact on [the] victim and community, and [the] rehabilitative needs of [the] defendant…" This [c]ourt sees no real possibility of rehabilitation. The public requires protection from a career burglar, whose crimes are grave indeed. The sentence will ensure that [Appellant] will remain incarcerated until he is likely to no longer [pose] a danger to the public.

TCO at 4-5 (citations to the record omitted).

While on appeal, Appellant avers that (1) the court did not state sufficient reasons for departing from the sentencing guidelines for his conviction of RSP, and (2) his sentence is excessive and unduly harsh, the arguments he presents in support of these claims are undeveloped and unconvincing. For instance, in support of his first issue, Appellant restates the sentences he received for each of his four offenses, and then provides the following argument, in its entirety:

The [c]ourt's reasoning has to be extrapolated from [its] consideration that there was a prior record, Appellant chose his targets carefully, and his van contained a pillowcase with stolen items in it. This is the stuff of perhaps a burglar, a felon, but the [c]ourt dubs Appellant a "career criminal" because he picked victims and had a sack of stolen goods. There was no declarative statement on the record to substantiate the "career criminal" label therefore there is no basis for this Court to assess the [s]entencing [c]ourt's attention to the departure.

Appellant's Brief at 14-15 (citations to the record omitted). Appellant's argument in support of his second claim, i.e., that his sentence is excessive and unduly harsh, is equally scant. There, Appellant states:

The [c]ourt makes damning statements about Appellant but belies its misunderstanding of our sentencing scheme by failing to explain the following: how Appellant blames the economy and his drug problems; how the [c]ourt discerns no remorse; how

and why the [c]ourt sees no possibility of rehabilitation; what makes Appellant a "career burglar[";] [or] how keeping Appellant incarcerated "until he is no longer a danger to the public" is based on sound jurisprudential, sociological or medical evidence.

*Id.* at 16 (citation to the record omitted).

Appellant's confusing and unsupported arguments are insufficient to convince us that the "sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Shugars*, 895 A.2d at 1275. This is especially true where the record supports the court's explanation for Appellant's sentence, set forth *supra*. Specifically, at Appellant's initial sentencing hearing on June 17, 2013, Appellant's father spoke on his behalf, informing the court that Appellant was a businessman "for 15 years" and did not engage in criminal conduct until he began having marital and business troubles, and started using drugs. N.T. Sentencing, 6/17/13, at 5-6. Defense counsel reiterated this same description of Appellant's personal and professional history. *Id.* at 7-8.

The court also heard the Commonwealth explain that Appellant had a lengthy criminal history, and committed new burglaries each time he was released back into the community. *Id.* at 15-16. For instance, the Commonwealth emphasized that Appellant committed the present offenses while he was serving a sentence of electronic home monitoring for two other convictions of RSP stemming from burglaries of four private homes. *Id.* at 14-15. The Commonwealth maintained that Appellant's criminal history

indicated that "[t]here's nothing more to rehabilitate[,]" and Appellant "needs to be removed from society, to protect society and other potential victims…." *Id.* at 17.

These same arguments were reiterated by both parties at Appellant's resentencing hearing on July 11, 2013. In addition, the Commonwealth pointed out that the court had the benefit of a pre-sentence investigation report, and argued that at no point "has [Appellant] shown any remorse for this crime, nothing at all." N.T. Sentencing, 7/11/13, at 10.

Our review of Appellant's sentencing hearings convinces us that the court stated sufficient reasons on the record to indicate that it imposed Appellant's sentence because he is a career criminal who is incapable of rehabilitation, and a lengthier sentence is necessary to protect the public from Appellant's continued criminal conduct. *See* N.T. Sentencing, 6/17/13, at 18-21; N.T. Sentencing, 7/11/13, at 15-17. The court reiterates this rationale in its Rule 1925(a) opinion. Appellant's scant argument on appeal does not convince us that the court's sentencing decision was an abuse of discretion. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/2/2015</u>