J-S19021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYREE JOHNSON | |
| Appellant | No. 2149 EDA 2014 |

Appeal from the Judgment of Sentence June 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006509-2013
CP-51-CR-0006510-2013

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 07, 2015**

Tyree Johnson appeals from an aggregate sentence of 14-28 years' imprisonment following his open guilty pleas to six counts of robbery,[1] four counts of burglary,[2] three counts of aggravated assault,[3] two counts of conspiracy,[4] one count of firearms not to be carried without a license[5] and

---

[1] 18 Pa.C.S. § 3701.

[2] 18 Pa.C.S. § 3502.

[3] 18 Pa.C.S. § 2702.

[4] 18 Pa.C.S. § 903.

[5] 18 Pa.C.S. § 6106.

one count of carrying a firearm on public streets.[6]  Johnson contends the trial court abused its discretion by imposing a substantially greater sentence than that imposed on his co-defendant.  We affirm.[7]

The charges against Johnson arise from two separate incidents on February 24, 2013 and March 4, 2013, respectively. On February 24, 2013, Christian Diaz and Todd Banks went to the area of 18th and Gratz Streets in Philadelphia after arranging for the sale of Diaz's dirt bike on Craig's list. N.T. 2/12/14, p. 16.  Upon their arrival, Diaz and Banks met an unidentified male whom they believed to be the purchaser of the dirt bike.  While the unidentified male was examining the bike, Johnson approached from behind and pointed a gun at Diaz's and Banks' heads. The unidentified male fled with the dirt bike while Johnson continued to hold Diaz and Banks at gunpoint.  *Id.* at 16.  Defendant next ordered the men to "get in your fucking car and get out of here."  Diaz and Banks entered their vehicle and began chasing the unidentified male on the dirt bike.  As they turned onto Gratz Street, Johnson emerged from behind two parked cars and fired into the front passenger side panel of the vehicle.  Diaz and Banks were unable to recover the dirt bike.  *Id.* at 17.

---

[6] 18 Pa.C.S. § 6108.

[7] The court sentenced Johnson on June 2, 2014.  On June 9, 2014, Johnson filed timely post-sentence motions which the court denied on June 12, 2014. On July 4, 2014, Johnson filed a timely notice of appeal.  Both Johnson and the trial court complied with Pa.R.A.P. 1925.

On March 4, 2013, Kimberly Flack was walking home in the area of 18th and Berks Streets in Philadelphia. As she reached her front door, Johnson approached from behind, placed a gun against her head and ordered her inside. As Johnson pushed Flack up the stairs with the gun to her back, co-defendants Malcolm Murray and Elijah Washington entered the property and followed them. When they reached the second floor, Johnson placed the gun to Flack's head and ordered her into the kitchen, where he bent her over the counter and duct-taped her mouth shut upon Washington's order to "shut her up." *Id.* at 11-12. Murray and Washington proceeded to the second floor of the apartment, where they robbed Flack's roommates, Katie Tressel, Katie Arthur and Annabelle Maxon, at gunpoint, taking money, debit cards, computers and cell phones. *Id.* at 12-13. After binding their hands and feet with duct tape, Murray and Washington told Tressel, Arthur and Maxon: "Please don't move, if you don't move, we won't hurt you, but if you move, we'll kill you, stay here for 30 minutes." *Id.* at 13. Murray and Washington proceeded downstairs, where Johnson was holding Flack at gunpoint. Johnson proceeded to take money from Flack, and the three men exited the property. *Id.*

Police subsequently recovered video showing the three men using one of the victims' debit cards. Johnson and both co-defendants were identified when the video was aired on the news. *Id.* Police also recovered video of the men fleeing the victims' apartment. A search of Johnson's house yielded

a red hoodie matching the one that Johnson wore in the video. *Id.* at 14. When police stopped Johnson one day later, they recovered from his person one of the i-pad's stolen from Flack's apartment. *Id.*

Diaz and Banks saw Johnson on the news in the video relating to the March 4, 2013 home invasion and contacted police concerning the February 24, 2013 robbery. Diaz and Banks subsequently identified Johnson from photo arrays. *Id.* at 17.

The lower court imposed an aggregate sentence of 14-28 years in CP-51-CR-0006509-2013, the home invasion case, consisting of consecutive sentences of 5-10 years' imprisonment for the robbery charges at counts 1 and 6 and consecutive sentences of 2-4 years' imprisonment for count 8 (firearms not to be carried without a license) and count 10 (carrying firearms on public streets). The court imposed concurrent sentences on all remaining charges. In CP-51-CR-0006510-2013, the dirt bike robbery case, the court imposed sentences of 5-10 years' imprisonment on the robbery charges at counts 1 and 7 and the conspiracy charge at count 3. These sentences ran concurrent to each other and to all charges at CP-51-CR-0006509-2013.

In this appeal, Johnson raises a single issue:

> Was the lower court's sentence of 14-28 years at CP-51-CR-0006509-2013 manifestly excessive and disproportional to defendant's conduct in that the court failed to give adequate weight to defendant's lack of prior record and imposed a disproportionately longer sentence than that imposed on defendant's

> co-defendant (Malcolm Murray, CP-51-CR-0006508-2013) who received an aggregate sentence of only 10-20 years despite engaging in the same conduct as defendant?

Brief For Appellant, p. 3.

This claim raises a challenge to the discretionary aspects of Johnson's sentence. Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005). Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the

sentencing process. ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa.Super.2003).

Here, Johnson filed a timely notice of appeal and preserved his issues in a post-sentence motion for reconsideration. Johnson's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Finally, Johnson has raised a substantial question for review, namely an "excessive sentence claim [] in conjunction with an assertion that the court did not consider mitigating factors." ***Commonwealth v. Gonzalez***, -- A.3d --, 2015 WL 252446, *15 (Pa.Super., January 21, 2015).

Nevertheless, Johnson's excessiveness claim is devoid of merit. We find persuasive the trial court's thorough analysis of this question:

> [Johnson] essentially claims that he should have received a sentence identical to his coconspirator, Malcolm Murray. For the reasons that follow, this claim is without merit.
>
> It is well-settled that sentencing is a matter vested in the discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. ***Commonwealth v. Gribble***, 703 A.2d 426, 437 (Pa.1997). 'In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the [Johnson] must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.' ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*) (citations and internal quotations omitted). A reviewing court must

accord great weight to the sentencing court's discretion because it is in the best position to view a defendant's character, exhibition of remorse, indifference, and the general nature of the crime. *See Commonwealth v. Sierra*, 752 A.2d 910, 915 (Pa.Super.2000); *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super.1999) (*en banc*).

Here, it bears underscoring at the outset that, unlike his co-conspirator, Mr. Murray, [Johnson] committed another savage gunpoint robbery via a Craigslist ruse prior to the home invasion, and fired a shot at his victims on the public streets of Philadelphia. This fact alone defeats [Johnson]'s argument. Nonetheless, the record demonstrates that this [c]ourt considered all relevant facts and circumstances prior to imposing sentence. Specifically, in addition to [Johnson]'s presentence investigation report and the sentencing guidelines, this [c]ourt expressly considered the violent nature and circumstances of [Johnson]'s offenses, the protection of the public, the gravity of the offenses, the character and condition of [Johnson], including his ADHD and anger issues, his lack of prior record, his family background and support, his expression of remorse, and his station in life as a young adult.

Additionally, this [c]ourt observed on the record:

'It's hard to describe the violence that was inflicted upon four completely innocent Temple students in the safety of their home that they were sharing in order to educate themselves, to get their college degree. To have been violated the way they were truly has changed their lives forever. It must have been so completely and utterly terrifying. I do note that [Johnson] denies having a gun in the presentence investigation, although in the courtroom, he did admit to the facts which included holding these girls at gunpoint while Mr. Murray duct taped them and tied them up. He also, of course, pled guilty to the second offense here involving Craig's List and the guy who showed up to buy a dirt bike or sell a dirt bike, rather, and ended up getting

- 7 -

held at gunpoint and actually being shot at in his van by [Johnson]. For somebody with a zero prior record score, it's unusual to find this level of violence and utter disregard for human life and safety and, quite frankly, Mr. Johnson, you are fortunate that you're not in the homicide room here today. It's a difficult job when sentencing somebody who has no prior record and has never before shown, at least in any law enforcement way, this type of violent proclivity or behavior. In crafting this sentence, I believe I have considered both the fact that [Johnson] has taken responsibility and has no prior record, as well as the egregious violence that he committed both against you girls as well as against the other victim [Christian Diaz]....'

N. T. 06/02/14, pp. 29-30.

Thus, the record demonstrates that, contrary to [Johnson]'s contention, this [c]ourt duly considered all relevant factors and circumstances, including his lack of prior record, in fashioning an appropriate sentence. Accordingly, [Johnson] is due no relief.

Pa.R.A.P. Opinion, pp. 4-6. Based on the trial court's analysis, we conclude that Johnson's sentence was within the court's discretion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015