**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES R. NINNESS, | |
| Appellant | No. 611 WDA 2015 |

Appeal from the Judgment of Sentence Entered March 4, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010291-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 24, 2016**

Appellant, Charles R. Ninness, appeals from the judgment of sentence of an aggregate term of 3 to 6 years' incarceration, imposed after he was convicted of his tenth offense of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(b) (High rate of alcohol), and driving while operating privileges are suspended or revoked, 75 Pa.C.S. § 1543(b)(1.1)(i). Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

Appellant pled guilty to the above-stated offenses on December 10, 2014.  On March 3, 2015, the court imposed Appellant's sentences for the

_____

[*] Former Justice specially assigned to the Superior Court.

offenses in this case.[1]  On that same date, the court also revoked terms of probation Appellant was serving in unrelated cases and resentenced him on those docket numbers.  Appellant filed timely post-sentence motions to modify his sentence and to withdraw his plea, which were denied.  He then filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal.  Herein, Appellant presents one issue for our review:

> I. Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including [Appellant's] character and rehabilitative needs, the gravity of the offense, and the protection of the public, as required under 42 Pa.C.S.A. § 9721(b) (sentencing generally) and 42 Pa.C.S.A. § 9725 (total confinement)?

Appellant's Brief at 5 (unnecessary capitalization and emphasis omitted).

Appellant's single issue challenges the discretionary aspects of his sentence.

> Accordingly, his right to appellate review is not absolute. **See Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa. Super. 2005); **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) ("A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]"). The Rules of Appellate Procedure mandate that to obtain review of such claims, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. **See id.; see also** Pa.R.A.P. 2119(f). The defendant's

---

[1] On March 4, 2015, the court issued a second sentencing order correcting a clerical error in the sentencing order entered on March 3, 2015.  The caption in this Court's decision reflects the date on which the final, corrected sentencing order was entered on the trial court's docket.

Concise Statement must, in turn, raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a "fundamental norm" of the sentencing process. *See Fiascki,* 886 A.2d at 263; *Commonwealth v. Ousley,* 392 Pa.Super. 549, 573 A.2d 599, 601 (1990) (citations and internal quotation marks omitted) ("[A]ppeals from the discretionary aspects of sentence are not to be granted as a matter of course, but ... only in exceptional circumstances where it can be shown in the 2119(f) statement that despite the multitude of factors impinging on the sentencing decisions, the sentence imposed contravenes the sentencing code.") The determination of whether a particular issue poses a substantial question is to be made on a case-by-case basis. *See Fiascki,* 886 A.2d at 263. If the Rule 2119(f) statement is absent or if the statement provided fails to demonstrate a substantial question, this Court may refuse to accept the appeal. *See id.*

*Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011).

Here, Appellant has included a Rule 2119(f) statement in his brief. Therein, he maintains that the sentencing court failed to adequately consider the factors set forth in 42 Pa.C.S. § 9721(b), *i.e.*, the protection of the public, the gravity of the offense, and the rehabilitative needs of Appellant. *See* Appellant's Brief at 16-17; 42 Pa.C.S. § 9721(b). Appellant avers that instead of assessing these factors, the court "relied primarily on [Appellant's] criminal history when imposing the maximum sentence allowable, and ignored copious mitigating evidence." *Id.* at 17 (citations to the record omitted). Additionally, Appellant contends that in fashioning his sentence, the court "resorted to personal frustration, bias and ill-will, and ignored [Appellant's] rehabilitative needs and other mitigating evidence." *Id.* at 18 (citation and quotation marks omitted).

Based on the arguments presented in Appellant's Rule 2119(f) statement, and the case law on which he relies, we conclude that he has presented a substantial question for our review. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (finding a substantial question existed where Riggs argued "that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and [Riggs'] rehabilitative needs …, as 42 Pa.C.S. § 9721(b) requires, and instead focused on the injuries suffered by the complaining victims")). Accordingly, we will review the merits of his claims, keeping in mind that,

> [t]he sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the "best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Andrews*, 720 A.2d 764, 768 (Pa. Super. 1998) (quoting *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997)). In order to find that a trial court imposed an "unreasonable" sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was "not guided by sound judgment." *Commonwealth v. Walls*, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007).

*Riggs*, 63 A.3d at 786.

Appellant begins by arguing that the sentencing court failed to consider his "rehabilitative needs and copious mitigating evidence." Appellant's Brief at 19. Specifically, he contends that the court failed to adequately consider "that [he] had completed a 12-week alcohol rehabilitation program" while incarcerated, and that he had "developed a

community-based treatment plan" through Justice Related Services (JRS). *Id.* at 19, 23. Appellant also avers that the court did not consider that, while he previously had no familial or friend support, and at times had been homeless, he had developed a friendship with an individual who was also providing Appellant with housing. *Id.* at 23. Additionally, Appellant points out that he had "recently been approved for Social Security" as of the date of his sentencing hearing, which provided him further stability that the sentencing court failed to take into account. *Id.* at 23.

In sum, Appellant asserts that at the time of his sentencing hearing, he had developed a

> stability [that] would have helped [him] successfully reacclimate to society after a lesser period of incarceration. Though some degree of punishment was necessary, a maximum sentence of total confinement was not. A sentence through the State Intermediate Punishment program would have better attended to [Appellant's] rehabilitative needs, and, by extension, the community's safety.

*Id.* Appellant contends that rather than consider the appropriate, statutory factors, the sentencing court fashioned his term of incarceration based on its "personal frustration" toward him. In support, he cites several comments by the court, including the court's statement that Appellant was "59 years old and [his] life has not really been much more than a waste…." N.T. Sentencing, 3/3/15, at 12.

Having carefully reviewed the record of Appellant's sentencing proceeding, we ascertain no abuse of discretion by the court. Initially, we stress that the court had the benefit of a presentence report and reviewed

that report prior to the sentencing proceeding. *Id.* at 13. Additionally, the trial court indicated that it had presided over a prior case of Appellant's, and had knowledge of him based thereon. *See id.* at 12, 17. The court also listened to defense counsel discuss many of the mitigating factors Appellant cites, *supra*. *See id.* at 3, 4-5, 5-6 (counsel's emphasizing Appellant's difficult life, his long term struggle with alcoholism, his mental and physical health issues, lack of familial support, prior "bouts of homelessness," Appellant's completion of a drug and alcohol rehabilitation program while incarcerated, and his work with JRS to develop a "Service Plan" that would provide Appellant with a "second level of support" when he was released into the community).

Appellant was also permitted to speak, and informed the court of his remorse, as well as his determination to "now … be a productive member of society." *Id.* at 9. He also stated that he has a place to live, and will be receiving social security benefits that will provide him with financial stability. *Id.* at 9, 11. The court further heard Appellant's comments regarding the drug and alcohol program he completed, and his acknowledgments that he "need[s] help" and he "really [does] want to change." *Id.* at 11, 12.

When Appellant concluded his statement by declaring that he does not "want to waste [his] life[,]" the court responded, as follows:

> THE COURT: Well, you're a little too late for not wasting your life. You're 59 years old and your life has not really been much more than a waste, to be quite honest with you.

*Id.* at 12.   While the court's blunt response seems harsh, it tempered its remark, and provided further explanation for Appellant's sentence, in the following exchange:

THE COURT: There's no way for me to state on the record what your circumstances are without seeming mean.

[Appellant]: Okay.

THE COURT: At this point in your life, it is what it is.  Right?

[Appellant]: Yes, yes.

THE COURT: I mean, we are what … our whole entire past encompasses.  And, you know, my issue with you, [Appellant] -- and, again, I've told you this in the past -- nothing is personal.

It's really just looking at all of the attendant circumstances and trying to figure out what's appropriate.  But if you think that I sit here for a minute and believe that you didn't have an opportunity for treatment, you're nuts.

[Appellant]: Oh, I had lots of opportunity.

THE COURT: I see that.   You had many, many, many opportunities for treatment.  You never availed yourself of them, ever.

And there are many circumstances under which old DUIs and probations were closed without [your] even completing the steps because [you] weren't interested.

No one's interested in that until they're in jail.  Then they want to attend all kinds of stuff [until] they hit the street again.

And it's amazing, when you tell me that 19 out of 22 years you were incarcerated, I don't know that that's the case.  I certainly didn't add it up.  You still managed to rack up an astounding criminal record in that time period, in that time frame, on the brief periods that you've been out.

…

[W]hat basically the Pre-sentence Report points out is that you're a career criminal.  There's no other nicer way to say it.

…

Your criminal career continued unabated, other than incarceration. For the periods you were incarcerated, that was the only time period in which you seemed to be able to not pick up new charges, amazingly, while you were incarcerated.

It seems to be the only time that you weren't basically doing whatever you felt like doing, whether it was burglaries, thefts, retail thefts, assaults, and most concerning in this particular circumstance … would be the continuation of the drinking and driving and driving while under suspension.

And at this point, this is DUI number 10, with the attendant 1543(b), driving under suspension DUI-related, while under the influence.

And, you know, there comes a point, looking at all the rehabilitative factors, you know, looking at all the things that you could avail yourself of, I look at it as whether or not that appears to be something that would come to fruition and what takes the front seat here … is public safety.

Every time you get behind the wheel of a car and you're under the influence -- and you pointed out, it's amazing that you haven't hurt anyone. You've had three accidents, at least three that I can see in your Pre-sentence Report, related to driving under the influence.

…

On October 30, 2006, you pled guilty … [to] … charges [of] accidents involving death or injury, possession of drug paraphernalia, driving while your operating privileges were suspended or revoked, and reckless driving. And that was part of a larger plea deal along with three other cases that day.

And then the Pre-sentence Report lists the various locations in which you have been involved in accidents. … All of the times you weren't supposed to be driving and you were driving under suspension.

So there comes a point, to me, where the public safety becomes the overwhelming issue, given that I think that the rehabilitative prospects are low, if not nonexistent, if I go based on the past history and compliance with terms of probation.

- 8 -

*Id.* at 12-17. Additionally, before imposing Appellant's sentence, the court noted that only *two months* had passed between Appellant's being released from prison on another, unrelated charge and his committing the DUI offense in this case. *Id.* at 17.

Based on this record, we conclude that the sentencing court adequately considered all of the mitigating circumstances and the section 9721(b) factors, including Appellant's rehabilitative needs. The court stressed that its primary concern was public safety, which was completely reasonable considering Appellant's lengthy criminal history - including *ten* DUI offenses - and his past failure to take advantage of rehabilitation opportunities. The court's comments to Appellant did not demonstrate a bias, ill-will, or prejudice against him; instead, the court's remarks were simply a blunt characterization of the circumstances Appellant, himself, had created. In sum, we are convinced that the court fashioned an individualized sentence taking into account all of the statutory factors, the above-stated circumstances of Appellant's current case and his criminal history, as well as the significant risk that Appellant poses to public safety when not incarcerated. We ascertain no abuse of discretion in the ultimate sentence imposed by the court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016