J-S03014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD JOSEPH POOLER, JR., | |
| Appellant | No. 2657 EDA 2017 |

Appeal from the Judgment of Sentence Entered March 31, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0000762-2016

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED APRIL 06, 2018**

Appellant, Ronald Joseph Pooler, Jr., appeals from the judgment of sentence of an aggregate term of 75 to 150 months' incarceration, imposed after he was convicted of one count each of aggravated assault by vehicle (75 Pa.C.S. § 3632.1(a)) and accidents involving death or personal injury while not properly licensed (75 Pa.C.S. § 3742.1), as well as three counts of endangering the welfare of children (18 Pa.C.S. § 4304(a)).  Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

Appellant pled guilty to the above-stated offenses on November 10, 2016.  On March 31, 2017, the court imposed Appellant's sentences for the offenses in this case.  Appellant filed a timely post-sentence motion to

_____

[*] Former Justice specially assigned to the Superior Court.

modify his sentence, which was denied. He then filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one issue for our review: "Did the trial court abuse its discretion [by] imposing an aggregate sentence of [75] months to [150] months for the two felonies of aggravated assault by vehicle and accident involving death or injury while not properly licensed[,] and three misdemeanors of endangering the welfare of children?" Appellant's Brief at 5 (unnecessary capitalization omitted).

Appellant's single issue challenges the discretionary aspects of his sentence.

> Accordingly, his right to appellate review is not absolute. **See Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa. Super. 2005); **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) ("A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]"). The Rules of Appellate Procedure mandate that to obtain review of such claims, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. **See id.; see also** Pa.R.A.P. 2119(f). The defendant's Concise Statement must, in turn, raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a "fundamental norm" of the sentencing process. **See Fiascki**, 886 A.2d at 263; **Commonwealth v. Ousley**, 392 Pa. Super. 549, 573 A.2d 599, 601 (1990) (citations and internal quotation marks omitted) ("[A]ppeals from the discretionary aspects of sentence are not to be granted as a matter of course, but ... only in exceptional circumstances where it can be shown in the 2119(f) statement that despite the multitude of factors impinging on the sentencing decisions, the sentence imposed contravenes the sentencing code.")[.] The determination of whether a particular issue poses a substantial question is to be made on a case-by-case basis. **See Fiascki**, 886 A.2d at 263. If the Rule 2119(f) statement is absent or if the statement

provided fails to demonstrate a substantial question, this Court may refuse to accept the appeal. *See id.*

*Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011).

Here, Appellant has included a Rule 2119(f) statement in his brief. Therein, he maintains that the sentencing court failed to conform to 42 Pa.C.S. § 9721(b), by not taking into account Appellant's rehabilitative needs and other mitigating factors when imposing consecutive, rather than concurrent, sentences. *See* Appellant's Brief at 14; 42 Pa.C.S. § 9721(b). Appellant avers that the court's decision to impose consecutive sentences resulted in "an aggregate sentence that was unduly harsh and excessive in light of the nature of the offenses." *Id.*

Based on the argument presented in Appellant's Rule 2119(f) statement, and the case law on which he relies, we conclude that he has presented a substantial question for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that a substantial question may exist where the appellant challenges the imposition of consecutive sentences as unduly excessive, in conjunction with a claim that the court failed to consider his rehabilitative needs and mitigating factors). Accordingly, we will review the merits of his claim, keeping in mind that,

> [t]he sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the "best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Andrews*, 720 A.2d 764, 768 (Pa. Super. 1998) (quoting *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997)). In order to find that a trial court imposed an

"unreasonable" sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was "not guided by sound judgment." ***Commonwealth v. Walls***, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007).

***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012).

Appellant begins by arguing that "[w]hen imposing the sentence on aggravated assault by vehicle, the court focuse[d] almost exclusively on a singular factor for its sentence:  the victim, [Appellant's minor child,] A.P." Appellant's Brief at 21 (unnecessary capitalization omitted).  He notes that, during the sentencing hearing, the court emphasized the severity of A.P.'s injuries and the life-altering effect that Appellant's actions had on her.  ***Id.*** (citation to record omitted).  Appellant asserts, however, that "[t]he seriousness of the crime … is already taken into account by the Pennsylvania Sentencing Commission when it designates a crime with an offense gravity score." ***Id.***  Appellant further avers that he suffered from addiction and that the sentencing court failed to consider his rehabilitative needs when imposing his sentence. ***Id.***

Next, Appellant argues that the court's imposition of a sentence for the offense of accident involving injury or death while not properly licensed, to run consecutive to the previous sentence, results in an aggregate sentence which is "disproportionate to the nature and circumstances of the offenses[,] because they are both based upon the same singular act and victim." ***Id.*** at 22.

Finally, regarding the three counts of endangering the welfare of children, Appellant alleges that the court again failed to consider his

rehabilitative needs or other mitigating factors presented in the pre-sentence investigation (PSI) report or in his memorandum in aid of sentencing. *Id.* He also contends that the court failed to consider the gravity of the offense by imposing all three sentences consecutively. Appellant states: "While the three children were exposed to injury, the actual result was that they suffered no actual injuries. As a result of the charges running consecutively, the aggregate sentence becomes disproportionate to the nature and circumstances of the offenses." *Id.* at 23-24.

Having carefully reviewed the record of Appellant's sentencing proceeding, we ascertain no abuse of discretion by the court. Initially, we stress that the court had the benefit of a PSI and reviewed that report prior to the sentencing proceeding. N.T. Sentencing, 3/31/17, at 50. Additionally, the trial court indicated that it took into consideration a number of character letters on Appellant's behalf, as well as statements made in court by Appellant, his father, Ronald Pooler, Sr., and his uncle, Claude Turner. *Id.* The court also listened to defense counsel discuss many of the mitigating factors Appellant cites, *supra*. *See id.* at 29-34 (counsel's emphasizing Appellant's long-term drug addiction and mental health issues, his completion of a drug and alcohol rehabilitation program while incarcerated, his remorse for the pain and suffering his actions have caused his daughter, and Appellant's recent involvement with ministry).

In its opinion, the sentencing court emphasizes that while it considered all of the foregoing factors when determining Appellant's sentence, it found

- 5 -

"the 'severity of [A.P.'s] injuries alone and the life altering transformation that took place for her that day' outweighed any mitigating circumstances and any prior history or circumstances specific to [Appellant]." Trial Court Opinion (TCO), 9/20/17, at 5 (unpaginated) (quoting N.T. Sentencing at 54). Additionally, the court notes that it set forth the factual justification for the sentence imposed, in detail, on the record at the sentencing hearing. *Id.* at 2 (unpaginated) (citing N.T. Sentencing at 50-54). These facts included Appellant's egregious driving conduct that led to the incident, namely that Appellant was weaving through traffic on a congested highway at approximately 72 to 77 miles per hour. *Id.* However, the court opines,

> several specific additional circumstances which entered into the court's sentencing determination were not expressly referenced on the record at that time, but will be mentioned now. The accident which precipitated the instant charges was caused when [Appellant] rear-ended a vehicle in the left lane. This caused [Appellant] to lose control of the vehicle, which subsequently flipped over. [Appellant's] four children were in the vehicle at the time, but none were properly restrained. As a result[,] the vehicle itself landed on the head of one of the children, [A.P.] (age 7 at the time of the accident), causing catastrophic damage to her skull. As stated by Tiffany Pooler, [A.P.'s] mother, at the sentencing hearing, [A.P.] has had … 30 brain surgeries as a result of the accident, and pieces of her skull were removed during certain of those procedures. These injuries also have affected Ms. Pooler herself, as her life is now consumed by caring for [A.P.]

*Id.* at 2-3 (citations to record omitted).

Regarding Appellant's claim that his sentence is disproportionate to the nature and circumstances of the offenses, the trial court states the following:

- 6 -

[Appellant's] conduct led to the permanent and irreparable disfigurement of his daughter[, A.P.], who can no longer lead a normal life. She cannot care for herself, her mental state has completely changed, and photographs introduced by the Commonwealth at the sentencing hearing depict the gruesome result of [A.P.'s] injuries that she will have to live with for the rest of her life. Moreover, as set forth in the court's July 12, 2017 [order denying Appellant's motion to modify his sentence], only sheer chance prevented such injuries from being inflicted on [Appellant's] other three children who were not appropriately restrained in the vehicle. Each of the consecutive sentences imposed by the court reflects the harm [Appellant] risked or actually caused to these three children. The 'nature and circumstances' of [Appellant's] reprehensible conduct warrant the sentence imposed by the court.

*Id.* at 3-4 (citations to record omitted).

Based on this record, we are satisfied that the sentencing court adequately considered all of the mitigating circumstances and the section 9721(b) factors, including Appellant's rehabilitative needs. We ascertain no abuse of discretion in the ultimate sentence imposed by the court.

Judgment of sentence affirmed.

Judge Panella joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/18