J-S14030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARK MORAN :
:
Appellant : No. 1255 WDA 2022

Appeal from the PCRA Order Entered April 22, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014809-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: JUNE 22, 2023**

Appellant, Mark Moran, appeals *pro se* from the post-conviction court's

April 22, 2022 order denying his timely-filed petition under the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying convictions are not relevant to the

issue he raises on appeal. The PCRA court summarized the procedural history

of his case, as follows:

> In a criminal complaint dated November 20, 2018, [Appellant] …
> was charged at CC#201814809 with two counts of robbery ([18
> Pa.C.S. §] 3701[(a)(1)(ii)]) and one count of robbery ([18 Pa.C.S.
> §] 3701[(a)(1)(vi)] - robbery of a financial institution). On
> December 5, 2018, [Appellant] appeared for a preliminary hearing
> before Magisterial District Judge Richard King. [Appellant] waived
> the preliminary hearing. All charges were held for court.
>
> On August 2, 2019, [Appellant] appeared before the Honorable
> David R. Cashman and entered a *nolo contendere* plea. …
> [Appellant] executed a *nolo contendere* explanation of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant's] rights form and testified regarding his understanding of the proceedings. Judge Cashman found that [Appellant] made a knowing, voluntary[,] and intelligent plea. The plea was accepted by the court. A presentence investigation [(PSI) report] was ordered.

By Order of Sentence dated October 30, 2019, Judge Cashman sentenced [Appellant] to an aggregate period of incarceration of seven and a half to fifteen years.

On November 8, 2019, [Appellant] filed a post[-]sentence motion. By order dated February 27, 2020, Judge Cashman denied the post[-]sentence motion. [Appellant] did not appeal the denial of his post[-]sentence motion.

On August 6, 2020, [Appellant], proceeding *pro se*, filed a PCRA petition. … John Markey[, Esq.,] was appointed to represent [Appellant]. On April 26, 2021, Attorney Markey filed a no[-]merit letter [and petition to withdraw].[1] By order dated July 22, 2021, Judge Cashman ordered the Commonwealth to show cause why a hearing should not be granted. On November 19, 2021, the Commonwealth filed an answer to [Appellant's] PCRA petition. Following Judge Cashman's retirement, the case was assigned to the Honorable Elliot C. Howsie. By order dated April 22, 2022, Judge Howsie dismissed the PCRA petition.

On May 19, 2022, [Appellant], proceeding *pro se*, filed a notice of appeal to the Superior Court.[2] Judge Howsie ordered [Appellant]

---

[1] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (explaining the procedure to withdraw in the PCRA context, including the filing of a 'no-merit' letter detailing why the issue(s) the petitioner seeks to raise are meritless).

[2] The PCRA court's April 22, 2022 order did not indicate whether Attorney Markey was granted permission to withdraw. Thus, after Appellant filed his *pro se* notice of appeal, this Court issued an order on November 10, 2022, directing the PCRA court to clarify whether Attorney Markey was continuing to represent Appellant and, if not, to clarify whether Attorney Markey was granted permission to withdraw his appearance. The PCRA court responded by entering an order on December 7, 2022, granting Attorney Markey permission to withdraw his appearance. The December 7, 2022 order is included in the certified record. Accordingly, it appears that Appellant is properly proceeding *pro se* on appeal.

to file a [Pa.R.A.P. 1925(b)] concise statement of matters complained of on appeal. [Appellant] raised one issue in his concise statement[:]

1. Is [Appellant's] sentence illegal[,] as it was imposed based on an incorrect [PSI] report?

PCRA Court Opinion (PCO), 1/11/23, at 1-2 (unnecessary capitalization omitted). The PCRA court filed its Rule 1925(a) opinion on January 11, 2023.

In Appellant's *pro se* brief, he states one issue for our review: "Did the sentencing court rely on an incorrect [PSI report] in imposing sentence[,] thereby resulting in an illegal sentence being imposed?" Appellant's Brief at 1 (unnecessary capitalization omitted).

Initially, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

Here, Appellant contends that the PCRA court erred by denying his petition because his sentence is illegal, as the trial court relied on an incorrect PSI report when fashioning his term of imprisonment. According to Appellant, "the Commonwealth mixed his prior convictions with his brothers [*sic*] prior convictions in the [PSI] report[,]" and the trial court then imposed his sentence "[b]ased solely on the number of prior offenses listed in the [PSI] report." Appellant's Brief at 2. Appellant maintains that, because his brother's convictions were erroneously attributed to Appellant in the PSI report, which

- 3 -

was then relied upon by the court in sentencing him, his term of incarceration is illegal and must be vacated.

No relief is due. Initially, only legality-of-sentencing claims are cognizable under the PCRA. **See** 42 Pa.C.S. § 953(a)(2)(vii). "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007) (citing 42 Pa.C.S. § 9543(a)(2)(vii)). Here, while Appellant claims that the court's considering an incorrect PSI report impacts the legality of his sentence, we disagree.

> The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the **discretion** to order a [PSI report] as an aid in imposing an individualized sentence. **See** Pa.R.Crim.P. 702(A)(1); **see also Commonwealth v. Goggins**, 748 A.2d 721, 728 (Pa. Super. 2000). Accordingly, a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited. **See Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa. Super. 2005); **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) ("A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]").

**Commonwealth v. Flowers**, 950 A.2d 330, 331 (Pa. Super. 2008) (emphasis added). If a court's complete failure to order a PSI report is an issue implicating the discretionary aspects of a sentence, then so too is a claim that the court relied on an incorrect PSI report in fashioning a sentence.[3]

_____

[3] We also note that Appellant's argument is similar to a claim challenging the accuracy of a prior record score, as he contends that the PSI report incorrectly listed his brother's prior convictions as his. A challenge to the calculation of a

Accordingly, Appellant's sentencing argument is not cognizable under the PCRA.

We also note that, even if cognizable, Appellant's claim is waived, as he could have raised it, but failed to do so, at his sentencing hearing, or on direct appeal from his judgment of sentence. **See** 42 Pa.C.S. § 9543(a)(3) (stating that, to be eligible for PCRA relief, the petitioner must prove his claim was not previously litigated or waived); 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Additionally, we would also agree with the PCRA court that Appellant's claim is waived based on his failure to meaningfully develop it. **See** PCO at 4. As the PCRA court observed, although Appellant alleges "that his criminal history was comingled with his brother's record, [he] has not plead [*sic*] any facts for the [c]ourt to assess the alleged error. Specifically, [Appellant] has not identified those cases that he perceives were erroneously attributed to him." **Id.** Appellant also does not offer any explanation of the precise errors in the PSI report on appeal. Thus, we would deem his claim waived on this basis, as well. **See Commonwealth v. Johnson**, 985 A.2d 95, 924 (Pa.

---

prior record score goes to the discretionary aspects of a sentence, not its legality. **See Commonwealth v. Sanchez**, 848 A.2d 977, 986 (Pa. Super. 2004) (holding miscalculation of prior record score "constitutes a challenge to the discretionary aspects of [a] sentence").

2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

For all these reasons, we discern no error in the court's dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2023