J-S43041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANUEL NOEL NEGRON | |
| Appellant | No. 1986 MDA 2015 |

Appeal from the Judgment of Sentence October 13, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004438-2013
CP-36-CR-0005341-2012
CP-36-CR-0005346-2012
CP-36-CR-0005903-2012

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JULY 15, 2016**

Appellant Manuel Noel Negron appeals from the judgment of sentence entered on October 13, 2015 in the Lancaster County Court of Common Pleas following revocation of Appellant's probation and parole. Judgment of sentence for the conspiracy conviction (count 2) at docket CP-36-CR-0005903-2012 is vacated. Judgment of sentence is affirmed for all other counts.

On April 3, 2013, Appellant entered an open guilty plea at docket numbers CP-36-CR-0005341-2012 ("docket 5341") and CP-36-CR-0005346-2012 ("docket 5346"). At docket 5341, he pled guilty to intimidation of a

witness,[1] and at docket 5346 he pled guilty to burglary, theft by unlawful taking, and conspiracy to commit burglary.[2] On that same date, at CP-36-CR-0005903-2012 ("docket 5903"), Appellant entered a negotiated guilty plea to theft and conspiracy to commit theft.

The trial court sentenced Appellant that same day. At docket 5341, the trial court sentenced Appellant to time served to 23 months' incarceration followed by 3 years' probation for the intimidation of a witness conviction. At docket 5346, the trial court imposed sentences of time served to 23 months' incarceration followed by 3 years' probation for the burglary conviction and the conspiracy to commit burglary conviction. The theft by unlawful taking conviction merged for sentencing purposes. At docket 5903, the trial court sentenced appellant to three years' probation for the theft conviction and three years' probation for the conspiracy to commit theft conviction. The sentences were imposed concurrently.

On October 31, 2014, Appellant entered a negotiated guilty plea at docket CP-36-CR-0004438-2013 ("docket 4438") to retail theft,[3] and the trial court sentenced him to two years' probation.

---

[1] 18 Pa.C.S. § 4952(a)(1).

[2] 18 Pa.C.S. §§ 3502(a), 3921, and 903(c), respectively.

[3] 18 Pa.C.S. § 3929.

On July 29, 2015, the trial court found Appellant in violation of his probation and parole, revoked his probation and parole, and ordered a pre-sentence investigation report.

On October 13, 2015, the trial court sentenced Appellant to an aggregate term of two to five years' incarceration.[4]

On October 21, 2015, Appellant filed a post-sentence motion, which the trial court denied that same day. On November 12, 2015, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> Was a sentence of two to five years['] incarceration for technical violations of probation manifestly excessive and an abuse of the court's discretion?

Appellant's Brief at 5.

Appellant's issue challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058,

---

[4] At docket 5341, the trial court sentenced Appellant to 1 to 2 years' incarceration for the intimidation of a witness conviction. At docket 5346, the trial court sentenced Appellant to 2 to 5 years' incarceration for the burglary conviction and 2 to 5 years' incarceration for the conspiracy to commit burglary conviction. At docket 5903, the trial court sentenced Appellant to 1 to 2 years' incarceration for the theft by unlawful taking conviction and 1 to 2 years' incarceration for the conspiracy conviction. At docket 4438, the trial court sentenced Appellant to serve the unexpired balance of his sentence.

1064 (Pa.Super.2011) (citing **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super.2013) (quoting **Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super.2006)); **see also Allen**, 24 A.3d at 1064.

Appellant raised his discretionary aspects of sentence issue in a timely post-sentence motion, filed a timely notice of appeal, and included a statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f) in his brief. We must, therefore, determine whether his issue presents a substantial question and, if so, review the merits.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting **Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268

(Pa.Super.2013) (quoting **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa.Super.2012)).

Appellant challenges the imposition of total confinement following his technical parole violations as excessive. Such a challenge raises a substantial question. **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa.Super.2010) (stating, "[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process,'" and finding substantial question raised). Because Appellant raises a substantial question, we will address the merits of his issue.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Crump**, 995 A.2d at 1282 (quoting **Commonwealth v. Johnson**, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id.** (citing **Commonwealth v. Walls**, 926 A.2d 957 (Pa.2007)). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Id.** at 1283 (citing **Malovich**, 903 A.2d 1247). Further, "[w]here pre-sentence reports exist, we shall . . .

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa.Super.2014) (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa.1988)).

When sentencing a defendant following the revocation of probation, "the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9771(b) (probation). In revocation proceedings, "the sentencing court must follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1040–1041 (Pa.Super.2013). Moreover, when re-sentencing a defendant following revocation, courts must consider the record of the sentencing proceeding as well as the conduct of the defendant while on probation. 42 Pa.C.S. § 9771(d).[5]

The trial court found:

---

[5] Where a court resentences a defendant following revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

- 6 -

Prior to imposing sentence, the [c]ourt confirmed with Appellant and his counsel that all pertinent information contained in the PSI Report was accurate. (N.T.S. at 2-4). The [c]ourt then considered that information, including Appellant's family history, health, and mental health history. *Id.* at 10. The [c]ourt noted that Appellant completed anger management classes once, but refused to go a second time because he did not believe it worked. ***Id.***

The [c]ourt considered Appellant's drug and alcohol history, noting that Appellant partied every weekend after previously being released from [Lancaster County Prison] and smoked marijuana daily until his most recent arrest. (N.T.S. at 10 -11). The [c]ourt also considered the fact that Appellant refused to comply with a court-ordered drug and alcohol evaluation that was to be conducted on September 14, 2015, which was to be done as part of the pre-sentence investigation. *Id.* at 11.

The [c]ourt noted that Appellant is 21 years old, an age of sufficient maturity to understand the significance of his acts. (N.T.S. at 12). The [c]ourt also noted Appellant completed the 11th grade at McCaskey High School, before dropping out because he was arrested. *Id.* The [c]ourt considered Appellant's ability to read, write, and understand the English language, noting there is nothing to indicate a lack of intellectual ability that would prevent Appellant from understanding the significance of his acts or the difference between right and wrong. *Id.* at 12-13. The [c]ourt also cited Appellant's limited work history, briefly holding jobs until he was either arrested or fired. *Id.* at 13.

The [c]ourt reviewed a psychological evaluation of Appellant from November 3, 2008, when Appellant was 14 years old, which indicated that Appellant responded to the evaluation with active resistance, he was antisocial, he had multiple suspensions from school for disrespecting teachers, and he was diagnosed with ADHD and oppositional defiant disorder. (N.T.S. at 11). The [c]ourt also considered a psychological evaluation from January of 2011, when Appellant was 16 years of age, during which time Appellant was disinterested and disrespectful of the evaluator. *Id.* Appellant was diagnosed with conduct

disorder due to repeated altercations with his peers, total disregard of authority figures, and noncompliance with the law. *Id.* at 11-12.

The [c]ourt noted that Appellant has been in and out of jail since the age of 15. (N.T.S. at 15). In 2008, as a juvenile, Appellant was adjudicated delinquent for propulsion of missiles into an occupied vehicle. *Id*. at 14. In that case, Appellant threw rocks from a railroad overpass onto a highway striking the windshield of a moving automobile, because he was bored. *Id.* Appellant reportedly showed no remorse. *Id.* As an adult, Appellant has convictions for burglary, theft, conspiracy to commit burglary and theft, intimidation of a witness, and retail theft. *Id.*

The [c]ourt considered the gravity of the offenses for which Appellant was before the [c]ourt for violations, as they related to the impact on the life of the victims and/or community. (N.T.S. at 13). In 2012, Appellant was convicted of burglary for entering the residence of another person through a third floor window with a juvenile co-defendant and stealing property while the homeowner was on vacation. *Id.* Appellant was also convicted of intimidating a witness for threatening to assault the individual who provided the police with information about his involvement in that burglary. *Id.*

The [c]ourt considered the nature and circumstances of Appellant's violations, as well as Appellant's conduct while on court supervision. (N.T.S. at 10). Appellant's first violation was in September 2010 as a juvenile. *Id.* at 14. His second violation was in February 2011, also as a juvenile. *Id.* The third violation was in October 2013 as an adult, for new criminal charges. *Id.* The fourth violation occurred in May 2014 for a new charge, placing an irate telephone call to his probation officer, dishonesty about where he was living, and repeatedly lying to his probation officer. *Id.* at 14-15. The fifth violation was in December 2014, for failing to appear for three appointments, having a very poor attitude, being disrespectful of adult probation and parole, and ongoing anger issues. *Id.* at 15. The sixth and current violation occurred on July 29, 2015, for missed appointments and because Appellant's whereabouts were unknown. *Id.*

As the [c]ourt noted, Appellant was making his fourth violation appearance on these charges since 2013, and his sixth overall violation appearance since 2010. (N.T.S. at 15). When considering new charges and violations, Appellant was making his ninth overall appearance in court. *Id.* As such, the [c]ourt noted there was little to indicate that Appellant had made any attempt to change his lifestyle or that he is amenable to rehabilitation. *Id.* at 14.

The [c]ourt considered Appellant's statement contained in the PSI Report, as well as his demeanor and statements made by Appellant to his probation officer prior to his most recent violation. (N.T.S. at 12, 15). While demonstrating very negative behavior, Appellant told his probation officer to just "violate me. I can do time standing on my head." *Id.* at 15. On another occasion, Appellant told his probation officer he would "just smile at the judge" and he would be released. *Id.* Moreover, Appellant refused to pay money for anger management treatment while spending money taking women to dinner or shopping, telling his probation officer his personal life was none of their business. *Id.* at 15-16.

Finally, the [c]ourt considered the comments made by Appellant's counsel and the recommendation of the probation officer, who believed a state prison sentence might be warranted because Appellant has continued to demonstrate the same negative behavior. (N.T.S. at 12, 15). Additionally, the [c]ourt considered the penalties authorized by the Pennsylvania Legislature for the crimes committed, as well as the guidelines of the sentencing code. *Id.* at 12.

Based on the foregoing, this [c]ourt found that Appellant has proven he will continue to be noncompliant. (N.T.S. at 16). Moreover, a sentence of total confinement was necessary because parole and probation have proven to be ineffective rehabilitation tools.[5] *Id.* Additionally, the [c]ourt determined that Appellant is not amenable to treatment or rehabilitation outside a correctional facility, but he is in need of treatment that can be provided most effectively by his commitment to an institution. *Id.* Appellant's past conduct indicates he is a danger to society, because he previously committed new crimes on

two separate occasions while on supervision and is likely to commit another crime if not incarcerated. ***Id.*** Finally, because Appellant has shown total disregard for his probation officer, the court, the criminal justice system, and the rules of law through the commission of crimes and repeated violations, a state prison sentence was essential to vindicate the authority of the court. ***Id.*** at 16-17. Consequently, Appellant's sentence was not manifestly excessive, nor was it an abuse of the [c]ourt's discretion.[6]

[5] In lieu of incarceration, Appellant proposed that he be released to a halfway house to get his GED and deal with his addiction. (N.T.S. at 5-7). However, Appellant failed to produce a representative from the halfway house or any documentation to explain the program. ***Id.*** at 5. Moreover, as this [c]ourt noted, Appellant has resisted repeated similar efforts at treatment by his probation officer for the past several years, and it was the [c]ourt's belief that Appellant was not sincere but was proposing such an option only to avoid a potential state prison sentence. ***Id.*** at 7-8.

[6] As previously noted, Appellant's original sentence of probation for count two criminal conspiracy to commit theft at Information number 5903-2012 was revoked on October 31, 2013. ***See*** Violation Sentence Sheet, 10/31/13. At that time, Appellant was paroled on count two to a sentence of time served to 23 months in LCP. ***Id.*** Because Appellant was presently before the [c]ourt on count two for violating parole, and there was no consecutive probation imposed, the only sentence available to the [c]ourt on the parole violation was the unexpired balance of his original sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 66 (Pa. 2007) (a parole violator cannot be sentenced to a new sentence but instead can only be recommitted to the remainder of the original sentence). Therefore, on count two of said Information, there can be no probation revocation and Appellant's sentence of imprisonment for a period of not less than one year nor more than two years on said count should be vacated. Nevertheless, this correction does

- 10 -

> not in any way impact the aggregate sentence of two to five years['] incarceration.

1925(a) Opinion, 1/6/2016, at 8-12.

The trial court detailed its reasons for imposing a sentence of total confinement and did not abuse its discretion when imposing the aggregate sentence of 2 to 5 years' incarceration following the probation and parole violations.

However, as noted by the trial court, on October 31, 2013 the trial court had revoked Appellant's probation at count 2 of docket 5903 (conspiracy conviction) and resentenced him to time served to 23 months' imprisonment, with no sentence of probation. Accordingly, the trial court's October 13, 2015 judgment of sentence of 1 to 2 years' imprisonment for a violation of probation on count 2 at docket 5903 is illegal and is vacated.[6] Consistent with the trial court's observation, remand is not necessary, as the trial court imposed the sentence concurrently, and the court's overall sentencing scheme is not impacted.

---

[6] Following revocation of parole, a court "must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be re[-]paroled." **Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa.2007). Further, "challenges to the legality of a sentence cannot be waived and . . . a court may raise sentence illegality *sua sponte*[.]" **See, e.g., Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super.2013).

Judgment of sentence for the conspiracy conviction (count 2) at docket CP-36-CR-0005903-2012 vacated. Judgment of sentence affirmed for all other counts.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016