J. S45023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DESHAWN LEAL PETERS, | : | |
| | : | |
| Appellant | : | No. 1688 WDA 2015 |

Appeal from the Judgment of Sentence September 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000366-2015

BEFORE: OLSON, J., DUBOW, J., AND PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 09, 2016**

Appellant, Deshawn Leal Peters, appeals from the Judgment of

Sentence entered in the Erie County Court of Common Pleas following his

convictions by a jury of Persons Not to Possess Firearms and Receiving

Stolen Property.[1]   Appellant challenges the sufficiency of the evidence and

the discretionary aspects of his sentence.  We affirm.

The underlying facts, as summarized in the trial court's 1925(a)

Opinion filed on January 7, 2016, are as follows:

> In mid-October 2014, a functional .45 caliber firearm was
> stolen from Casey Houghton's home.  On October 18, 2014,
> police recovered the stolen firearm and arrested Appellant.  The
> facts surrounding Appellant's arrest are as follows.

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105 and 18 Pa.C.S. § 3925, respectively.

On October 18, 2014, Hillary Encrasion and Antonia Sundberg observed Appellant, who was wearing a red hoodie and carrying a firearm, along with another individual exit their neighbor's back door, creep around in their backyard, and proceed down the alleyway to another house. They described Appellant as a black male with short braided hair. Moments later, Ms. Sundberg observed Appellant and the other individual enter the front door of the home they previously exited. Appellant was wearing a black t-shirt and no longer wore the red hoodie.

Erie Police Department Lieutenant Anthony Talarico was dispatched to the area and when he approached, he observed Appellant in a black t-shirt exiting between two houses and entering the witnesses' neighbor's residence. After police approached the neighbor's house, Appellant, now wearing a plaid shirt, and at least five other individuals exited the residence. While Appellant stood on the porch, both Encracion and Sundberg unequivocally identified Appellant as the person they observed carrying a firearm.

At the scene, Erie Police Department Officer Jamie Russo received information from another officer that a firearm was discarded in the alleyway. Russo located the firearm wrapped in a red/blue sweatshirt with a pile of leaves freshly placed on top of it. Police later determined this was Houghton's stolen firearm. DNA testing performed on both the firearm and sweatshirt failed to link either item to a specific individual.

After his arrest, Appellant told police that he had picked up the recovered firearm in the alleyway and immediately placed it back down.

On June 17, 2015, following a two-day jury trial, Appellant was found guilty of the aforementioned offenses. [The trial court obtained and reviewed a Pre-Sentence Report.]

Trial Court Opinion, filed 1/7/16, at 1-2 (citations omitted).

At sentencing, the trial court took Appellant's personal characteristics and rehabilitative needs into consideration and reviewed the presentence report. The trial court stated, "I've considered the Pennsylvania Sentencing

Code and its various factors. I've got the benefit of a Pre[sentence Report]. . . . I'm going to impose a sentence right in the standard range of the guidelines." N.T. Sentencing, 9/17/15, at 10-11. The court then sentenced Appellant to a term of 60 to 120 months' imprisonment for possession of firearm, and a concurrent term of 52 to 120 months' imprisonment for receiving stolen property. On September 28, 2015, Appellant filed a Motion for Post Sentence Relief, which the trial court denied on September 29, 2015. On October 23, 2015, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

[1.] The evidence in this case was insufficient to prove that the [Appellant] committed the crimes of Person Not to Possess Firearms and Receiving Stolen Property[.]

[2.] The lower court commit[t]ed reversible error in that its sentence was manifestly extreme and clearly unreasonable, and not individualized as required by law, considering the [Appellant's] age, background and rehabilitative needs[.]

Appellant's Brief at 2 (capitalization omitted).

Appellant first challenges the sufficiency of the evidence supporting his convictions for Persons Not to Possess Firearms and Receiving Stolen Property. We review claims challenging the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014).

The trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id*. at 40. Moreover, a jury may base a conviction solely on circumstantial evidence. *Id*. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id*.

The offense of Persons Not to Possess Firearms provides, in relevant part, that "[a] person who has been convicted of an offense enumerated in subsection (b) … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1), (b).

The crime of Receiving Stolen Property is defined, in relevant part, as follows:

> A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a).

"Possession can be found by proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). Where a defendant is not found in actual possession of the firearm, the Commonwealth must establish that the

defendant had constructive possession of it to support the conviction. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Id***. (citations omitted).

Constructive possession cases are fact-specific. ***See Commonwealth v. Stembridge***, 579 A.2d 901, 904 (Pa. Super. 1990) (noting the "difficulty of drawing bright lines in this area of the law."). "As with any other element of a crime, constructive possession may be proven by circumstantial evidence." ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996).

Appellant argues that the Commonwealth failed to present any evidence that connected Appellant to the previous burglary of the firearm. Additionally, Appellant avers that no evidence demonstrated that he "knew the gun was stolen or even intentionally exercised any control over the gun" because he "picked up a gun and then put it down when he realized what it was." Appellant's Brief at 9.

The trial court concluded that the evidence was sufficient to support Appellant's convictions for Persons Not to Possess Firearms and Receiving

Stolen Property because the Commonwealth proved constructive possession of the firearm. The court noted that Appellant "discarded the firearm in an alleyway and attempted to conceal it by wrapping it in a sweatshirt and placing it underneath a pile of leaves." Trial Court Opinion, filed 1/7/16, at 3-5.

We agree with the trial court's assessment. Two witnesses observed Appellant in possession of the firearm and Appellant admitted to picking up the stolen firearm. Moreover, the two witnesses and Officer Talarico provided sufficient circumstantial evidence that Appellant constructively possessed the stolen firearm because he attempted to discard the firearm in an alleyway by wrapping it in his sweatshirt and covering it with a pile of leaves. Accordingly, we reject Appellant's sufficiency claims and affirm his convictions.

Appellant next challenges the discretionary aspect of his sentence. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Commonwealth v. Tejada**, 107 A.3d 788, 797 (Pa. Super. 2015). The test includes: (1) preserving the issue in the court below; (2) filing a timely Notice of Appeal; (3) including a Pa.R.A.P. 2119(f) statement; and (4) raising a substantial question for our review. **Id**. at 797-98 (citation omitted); **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013).

Our Supreme Court in **Commonwealth v. Mouzon**, 812 A.2d 617 (Pa. 2002), held that "allegations of an excessive sentence raise a substantial question where the defendant alleges that the sentence violates the requirements and goals of the Code and of the application of the guidelines." **Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa. Super. 2005) (internal quotation marks omitted); **see also Mouzon**, at 435, 812 A.2d at 627. Moreover, a bald allegation of excessiveness will not suffice. **Fiascki**, **supra** at 263; **see also Mouzon**, **supra** at 627.

This Court held that "where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004) (citation omitted). An allegation that the sentencing court "failed to consider" or "did not adequately consider" various factors is, in effect, a request that this Court substitute its judgment for that of the lower court in fashioning Appellant's sentence. **Commonwealth v. Griffin**, 804 A.2d 1, 9 (Pa. Super. 2004) (citation omitted). Additionally, such an allegation does not raise a substantial question that the sentence imposed was, in fact, inappropriate. **Id**.

In the instant case, Appellant preserved his sentencing challenge in his September 28, 2015 Post-Sentence Motion, and timely appealed. Appellant

filed a 2119(f) Statement, stating that "the sentence was manifestly excessive in that it was not individualized" and "the lower court abused its discretion when it could have handed down a lesser sentence with a shorter period of incarceration had it taken into consideration [Appellant's] age, background, and rehabilitative needs." Appellant's Brief at 6.

As an initial matter, we note that the Appellant bases his argument that the sentence was manifestly excessive upon the assumption that the trial court imposed consecutive, and not concurrent, sentences. Appellant's Brief at 10. This is incorrect. The trial court imposed concurrent sentences. N.T. Sentencing, 9/17/15, at 11. Thus, this argument fails.

Appellant also erroneously assumes that the trial court failed to consider that: (1) he was only 21 years old at the time of the incident; (2) he had received a high school diploma while incarcerated at SCI Pine Grove; (3) he has a three-month-old son; and (4) "he had found the weapon in question and picked it up and otherwise had no connection to it." Appellant's Brief at 10. Once again, the Appellant is misstating facts in the record. Appellant provided the court with testimony about these four mitigating circumstances, *inter alia*, during his sentencing hearing. N.T. Sentencing, 9/17/15, at 6-7. The trial court just chose to place little weight on these factors and the court's discretion in doing so does not raise a substantial question. ***Griffin***, ***supra*** at 9.

Appellant also failed to state in his Rule 2119(f) Statement "where the sentence falls in relation to the sentencing guidelines[.]" ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). Appellant notably omits this Rule 2119(f) requirement despite citing ***Goggins*** in his Brief. Appellant's Brief at 5. Since the trial court sentenced the Appellant within the standard range set forth in the sentencing guidelines, the Appellant's failure to follow the requirements of Rule 2119(f) and mention this fact, demonstrates Appellant's lack of candor with the court. Appellant, instead, just characterizes the sentence as "excessive" or "extreme" without providing any legitimate basis to support his characterization. Thus, the Appellant again has failed to articulate effectively a substantial question.

Because Appellant has failed to raise a substantial question, this Court has no jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence. ***Griffin***, ***supra*** at 9.

In light of the mischaracterizations of the record recounted above, we find it necessary to remind counsel of the obligations imposed by our Rules of Appellate Procedure and the Pennsylvania Rules of Professional Conduct. Pa.R.A.P. 2101 *et seq*.; Pa.R.P.C. 3.3(a)(1) ("Candor Toward the Tribunal"); ***see also First Union Mortg. Corp. v. Frempong***, 744 A.2d 327, 329 (Pa. Super. 1999) (criticizing "cursory and factually incomplete" brief as inadequate).

Judgment of sentence affirmed.

Judge Olson and Judge Platt concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016